Eo EDWARDS, PLAINTIFF IN ERROR, V. FRANK E. KEARNEY, DEFENDANT IN ERROR.

**Unless a bill of exceptions** is authenticated in the manner required by law, the supreme court cannot receive and consider it.

MOTION to quash bill of exceptions.

*Sam. L. Savidge* and *E. C. Calkins*, for the motion.

*Hamer & Conner*, contra.

MAXWELL, J.

This is a motion to quash the bill of exceptions because it is not signed by the judge. The following is a copy of the certificate:

"Presented to me this third day of January, 1881, and rejected because not presented to counsel for plaintiff in fifteen days from the rising of the court. And this bill of exceptions is ordered to be made part of the record in this case.                    "WILLIAM GASLIN, JR.,
                                            "*Judge.*"

Until a bill of exceptions is authenticated in the manner required by law, the court cannot receive it, because there is no legal evidence before the court that it contains a correct record of the proceedings. If the officer whose duty it is to sign the bill should unreasonably refuse to sign the same, the court, in a proper proceeding, would compel him to do so by mandamus. In this case, however, he had no authority. The record shows that the trial was had on the eighth day of December, 1880, and the court adjourned next day. The plaintiff did not ask for an extension of time in which to prepare the bill; he was therefore limited to fifteen days from the ninth day of December, 1880. The law in relation to settling and signing bills of exceptions should receive a very liberal construction in order to

save the rights of parties and prevent a failure of justice. But the party preparing the bill must have been diligent, and the failure to procure the same within the time limited not be caused by his own neglect. The motion must be sustained.

MOTION SUSTAINED.