R. O. BURTON, JR., Adm'r, v. E. P. GREEN et al.

*New Trial.*

Where it appears that the notes of the trial have been lost, and the Judge certifies that he cannot make up the case on appeal without them, and the parties cannot agree on a statement of the case, and it further appears that the appellant is in no default in perfecting his appeal, a new trial will be granted.

(*Isler* v. *Haddock*, 72 N. C., 119; *Sanders* v. *Norris*, 82 N. C., 243; cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* at Spring Term, 1884, of the Superior Court of HALIFAX county.

There was a verdict and judgment for the plaintiff, and the defendants appealed.

There was no statement of the case on appeal accompanying the transcript of the record which was docketed in this Court, and in answer to a writ of *certiorari* directed to him, the trial Judge made return that the notes made on the trial of the case were lost, and that he had no recollection of the matters which took place on the trial, and could not settle the case on appeal, without the lost notes.

Upon this return to the *certiorari*, the appellants moved in this Court for a new trial.

*Mr. T. N. Hill,* for the plaintiff.
*Mr. W. H. Day,* for the defendants.

MERRIMON, J. The appellant's counsel duly stated the case upon appeal for this Court, the counsel of the appellees suggested amendments and objections thereto, the Judge who presided at the trial was notified of such disagreement, and requested to settle the case upon appeal according to law. He took the trial papers and his notes of the trial and the evidence, for that purpose. The papers and notes of the trial were afterwards lost. The case has not been settled, and the Judge now states, that without them, he has not, and cannot obtain, such information as is necessary to enable him to settle the case. It is not suggested by the parties, or either of them, that the lost papers may yet be found.

It must be taken that the *data,* necessary to enable the Judge to settle the case upon appeal, cannot be supplied. He declares he cannot settle it for the lack of such information. The appellant has been reasonably diligent in his efforts to prosecute his appeal upon its merits, and is unable to do so by no fault of his own. He ought not, therefore, to suffer prejudice. In such a case the

only remedy is to grant a new trial, and this will be done. *Isler* v. *Haddock*, 72 N. C., 119; *Sanders* v. *Norris*, 82 N. C., 243.

The counsel for the appellees suggested that the lost trial papers might be supplied, as allowed by the The Code §600, and the case might yet be settled, as the Judge who presided at the trial is yet in office, and indeed, he might do so, if he were now out of office. This might be so, but for the important fact, that the Judge declares that he cannot settle the case without his notes of the trial and the evidence. It does not appear that the parties can agree as to the facts and the grounds of exceptions taken in the course of the trial.

To the end that justice may.be fairly done, the appellant being in no default, a new trial must be granted. Let this opinion be certified to the Superior Court according to law.

It is so ordered. *Venire de novo.*