McBRIDE v. UNION PAC. RY. CO.

(June 11, 1888.)

BILL OF EXCEPTIONS—SIGNING IN VACATION—JOURNAL ENTRY.

1. Under Rev. St. § 2649, providing that, where a bill of exceptions is necessary, a party excepting must reduce his exception to writing, and, if true, it shall be allowed and signed by the judge or court before whom the case was tried, taken in connection with section 2646, providing that the court may grant time for reducing an exception to writing, but not beyond the first day of the next term, a bill of exceptions, if presented and signed within the time granted by the court, is not defective because signed by the judge in vacation.

2. Under Rev. St. § 2649, providing that after the allowance and signing of a bill of exceptions "it shall be filed with the pleadings, as a part of the record, but not spread at large upon the journal," no entry of its allowance and signing on the journal of the court below is necessary to constitute the bill of exceptions a part of the record.

SAUFLEY, J., dissenting.

Error from district court.

Action by John McBride against the Union Pacific Railway Company. Judgment for defendant, and plaintiff petitions for a writ of error. Motions to dismiss petition and to strike the bill of exceptions from the record. Denied.

MAGINNIS, C. J. Two motions are presented to the court for determination,—one, a motion to dismiss the petition in error; the other, a motion to strike from the record the paper purporting to be a bill of exceptions. As both these motions are intended by defendant in error to raise the same questions, they may be disposed of together, although the motion to dismiss is really disposed of by the fact that there are errors complained of which appear upon the record other than those contained in the bill of exceptions.

It is alleged by defendant in error that the bill of exceptions contained in the certified transcript from the court below is not a proper bill of exceptions, for the reason that it was signed by the judge below in vacation; and, further, that no entry of its allowance and signature appears to have been made on the journal of the court below. It seems that the case was tried below at the May term, 1886, of the court, and that at that time, in accordance with section 2646, Rev. St. Wyo., the court, by an order regularly entered, granted until the first day of the

McBride v. Union Pac. Ry. Co.

next term of the court to prepare and present a bill of exceptions. It is now contended by the defendant in error that this bill of exceptions was presented to the judge below on the 4th day of October, 1886, the same being after the adjournment of the said May term, and before the November term of the court; that, it having been presented and signed in vacation, such presentation and signing are of no effect. This contention is based upon section 2649, Rev. St. Wyo., which provides that "when the decision is not entered on the records, or the grounds of objection do not sufficiently appear in the entry, * * * the party excepting must reduce his exception to writing, and present it to the court for allowance." The expression "to the court" seems to support counsel's contention; but we think an examination of the balance of the section, read in the light of its prototype from Ohio, will refute this view. The section continues: "If true, it shall be the duty of the majority of the judges composing the court, or of the judge or court before whom the case was or is being tried, to allow and sign it; whereupon it shall be filed with the pleadings, as a part of the record, but not spread at large upon the journal." It will be noticed that it becomes the duty of the judge or court to allow and sign it. Bearing in mind that it was originally necessary for all exceptions to be allowed and signed at the time of trial; that, by judicial action, it afterwards became possible for such exceptions to be reduced to writing and signed during the term at which trial was had; and that now, by statute, such time has been extended in this territory until the second day of the next term of the court,—we apprehend there can be no difficulty in construing this section. Section 2646 provides that the court may grant time for reducing all exceptions to writing, but not beyond the first day of the next term. It can readily be seen that, if less time than until the next term of the court be given, this section would either permit of the presentation of a bill in vacation, or limit the time to the term at which trial is had, which we think cannot be seriously contended; but, if presented in vacation, it cannot be presented for allowance to the court. The Ohio statute, from which ours is largely taken, will aid in the solution and explanation of these words. In that statute, section 2649, Rev. St. Wyo., appears divided into two sections, (5301 and 5302.) Section 5301, 2 Rev. St. Ohio, is almost *in hæc verba* the first half of our section 2649, and plainly applies to a bill of exceptions taken at the trial, when it must be presented to the court. Section 5302, while differing somewhat from the latter part of section 2649, is evidently intended to subserve the same purpose, and shows upon its face that that purpose is the extension of time to present a bill of exceptions beyond the term, and, in such case, provides for its allowance by the judge. The legislature of Wyoming followed these Ohio statutes upon this subject, making what modifications it deemed necessary. And, in this view, we are constrained to construe section 2649 as meaning that, within the time granted by the court, a bill of exceptions may be presented to, allowed, and signed by the judge.

The only other objection is that no entry of the allowance and signing of such bill of exceptions appears upon the journal of the court below. In support of this objection, counsel rely upon a number of Ohio cases; but we do not deem them applicable, for the reason that section 5302, Rev. St. Ohio, expressly requires that such allowance shall be noted upon the journal, which shall be kept open for that purpose. Our statute contains no such provision, but, on the contrary, provides that, after its allowance and signing, "it shall be filed with the pleadings, as a part of the record, but not spread at large upon the journal." The allowance, signing, and perhaps filing, are what constitute it a part of the record, and no journal entry is necessary for that purpose.

We therefore hold that sections 2646 and 2649 must be construed that a bill of exceptions, when time has been given by the court below, may be presented to the judge of the court who tried the case at any time within the limits prescribed; that when signed and sealed by him, and filed in the pleading of the case in the clerk's office, it becomes a part of the record without being journalized, and is properly a part of the transcript, and, when properly certified, is before this court.

The motion must be overruled.

CORN, J., concurs. SAUFLEY, J., dissents.