F. G. SIMMONS, Executor, v. GEO. E. ANDREWS, Administrator.

*Appeal—Settlement of Case on Appeal—Duty of Appellant— Judge's Failure of Memory.*

1. It is the duty of an appellant, after the service of the counter-case on appeal by the appellee, to *immediately* request the Judge to fix a time and place for settling the case.

2. If he fails to do so till after so great a lapse of time that the Judge is unable to remember what took place at the trial, the judgment will be affirmed if there are no errors on the face of the record proper; but if application is made within a reasonable time, and the Judge is unable to settle the case on account of an indistinct memory as to what took place at the trial, a new trial will be granted.

3. It is the duty of the appellant, if the case on appeal is not settled, to show affirmatively that the fault is not his.

4. If no exceptions are stated by appellant in the case on appeal, and there are no errors in the record proper, the judgment will be affirmed.

5. *Quere:* If the surety on the bond given on appeal from the Justice to the Superior Court is a "party" who can appeal from the judgment of the latter Court.

This was a CIVIL ACTION, tried before *Shipp, J.,* at March Term, 1889, of JONES Superior Court.

There was judgment for the plaintiff, and the defendant appealed.

The facts sufficiently appear in the opinion.

*Mr. S. W. Isler,* for the plaintiff.
*Mr. C. M. Busbee,* for the defendant.

CLARK, J.: The appeal in this case was taken at March Term, 1889, of Jones Superior Court. The appellant served his case on appeal and the appellee his counter-case. Thereupon the statute (*The Code*, § 550) made it the duty of the appellant to "immediately" request the Judge to fix a time and place for settling the case. On the contrary, it appears that no application was made by appellant to the Judge for that purpose till October 15th, a delay of nearly seven months. The Judge then adopted appellee's case, but added that he did not distinctly remember what had occurred, owing to the long lapse of time before the case had been presented to him. At last term, the Court deeming that this was not very satisfactory, remanded the case, that the Judge might have an opportunity to make out a more definite statement if he desired. To this the Judge returns that his memory of the case is too indistinct to say more than he has already done, and adds that retaining cases for so long a time, and then presenting them for the Judge to settle the case on appeal, is asking too much.

There are numerous precedents that if the case cannot be settled by the Judge by reason of loss of papers, or (prior to the amendatory act) by reason of his having gone out of office, or otherwise, a new trial will be granted, and, by analogy, the same rule will be adopted where, by the great lapse of time, the Judge is unable to settle the case. But, without exception, these cases all contain a proviso that this will not be done unless it is made to apppear that the appellant was not guilty of *laches*. *Simonton* v. *Simonton*, 80 N. C., 7; *State* v. *Murray*, 80 N. C., 364; *State* v. *Fox*, 81 N. C., 576; *Sanders* v. *Norris*, 82 N. C., 243; *State* v. *O'Kelly*, 88 N. C., 609; *State* v. *Randall*, 88 N. C., 611; *Burton* v. *Green*, 94 N. C., 215. The appellant has not made it appear that he was not guilty of *laches* in delaying over six months to present the case to the Judge to be settled. That, with the multiplicity of matters coming before him, the Judge should,

after such lapse of time, not retain a very distinct impression of the *minutiæ* of the trial is only what might have been expected. To give an appellant a new trial on account of his own *laches* would be to grant to his delay all that he could have obtained by a successful appeal. Such a precedent cannot safely be set, *non dormientibus sed vigilantibus leges subveniunt.* There is no evidence of any waiver of time, and if there had been, the appellant cannot be allowed, even by consent, an unlimited time till all memory of the case shall have faded from the mind of the Judge. Causes are not to be thus won by "masterly inactivity."

BYNUM, J., in *Wade* v. *Newbern,* 72 N. C., 498, after reciting the rules governing the prosecution of appeals under *The Code,* says they are reasonable and "exact no greater degree of vigilance than is required for the deliberate, orderly and sure administration of justice. *Within certain limits* the parties may, by consent, waive the time of complying with the rules, and the Court will respect such agreements of the parties if they appear on the record. But unless they do so appear, this Court must respect the provisions of *The Code,* by adhering to and enforcing the rules there prescribed for the government of appeals."

In *Kirkman* v. *Dixon,* 66 N. C., 406, where, on return of appellee's case, the appellant failed to apply to the Judge to settle the case, the Court (there being no error on the face of the record proper) affirmed the judgment. The condition of appellant here is no better, for, though he applied, it was after so long a delay that it resulted, and could reasonably result, in nothing.

In *Russell* v. *Davis,* 99 N. C., 115, the Court say: "If the appellee files no exceptions to the appellant's statement, it will be treated as the case on appeal; if the appellee files exceptions and the appellant fails to have the case settled by the Judge, the exceptions will be treated as amendments to the case." It can make no difference whether there is a

failure to apply, or an application after so long a lapse of
time as to avail nothing.

It may be that the *laches* here was that of the appellee.
But the appellant is the moving party, and if the case is
not settled, he must show affirmatively that it is no fault of
his. If he had shown that the fault was not his, but the
appellee's, then the appellant's case would be taken as the
case on appeal. *Russell* v. *Davis, supra.* Conceding, how-
ever, for the sake of the argument, that in this case the
appellee was direlict, and taking the appellant's statement
alone (which is also sent up in the record), as the case on
appeal, it appears therefrom that there were no exceptions
taken on the trial, no errors appear in the record and the
judgment, upon his own showing, must be affirmed. There
is a suggestion—not an exception—taken below that no
jury trial was had. It is sufficient to say that an inspection
of the record shows this entry on the minutes: "By consent,
defendant pleads payment, and that the note is subject to
the scale of Confederate money, and the case to be tried by
the Court without a jury." There is also a similar "sugges-
tion" (without exception, below) that the defendant admin-
istrator had not been made a party. The record shows
notice was issued to him, and the Court below finds and
adjudges that he "has been made a party."

The defendant has taken no appeal, but one of the sureties
on the bond given by the defendant before the Justice (where
the action was first tried) to stay execution on the appeal to
the Superior Court, has entered the appeal to this Court.
We are not to be understood as passing upon the question
whether he is a *"party"* aggrieved, who can appeal under
*The Code,* § 547, as it is unnecessary to do so.

This action was begun twelve years ago before a Justice
of the Peace to recover money due by promissory note. The
execution of the note was not denied, and, as appeared, both
by the record and appellant's case, the defence set up was that

the sum paid on the note was enough to satisfy the "scale" value of the note, it having been executed in 1864. That such a case should have been kept in litigation for so long a period amounts virtually to a denial of all practical benefit to the plaintiff from the judgment the Courts have at last held to be his due. Such delays are calculated to bring reproach upon the administration of justice, which should be simple and speedy.

Affirmed.