## CONWAY & NICKERBOCKER ET AL. v. SMITH MERCANTILE CO. ET AL.

BILL OF EXCEPTIONS — SIGNING BY SUCCESSOR TO TRIAL JUDGE AFTER THE LATTER'S DEATH — CONSTRUCTION OF ORDER GRANTING TIME.

1. The word "until" may either in a contract or law have an inclusive or exclusive meaning according to the subject to which it is applied, the nature of the transaction which it specifies, and the connection in which it is used, and this rule extends to the correlations of the word.

2. Time "until" a certain day, given in an order of court, may be either inclusive or exclusive of the day mentioned, according to the intention of the court, and this intention may be inferred from the subject-matter and other considerations.

3. An order granting time within which to present a bill of exceptions for allowance should not receive a strict construction resulting in a denial of the right of the party to present his bill of exceptions to the court, but rather a liberal construction preservative of that right.

4. An order giving "until" a certain day named within which to prepare and present a bill of exceptions for allowance, includes the last day named, and a bill presented on that day is presented in time.

5. Where after overruling a motion for new trial and granting time within which to prepare and present a bill of exceptions

for allowance, and before the presentation of the bill, the trial judge died; and the bill was presented to the court within the time allowed. Held that the successor of the trial judge could settle and sign the bill. (Scott, Dist. J., dissenting.)

[Decided April 27, 1896.]

ERROR to District Court for Natrona County, HON. J. W. BLAKE, Judge.

Hearing on motion to strike from the record the bill of exceptions.

*Burke & Fowler*, for defendant in error; John B. Okie, for the motion to strike.

The successor of the trial judge had no authority to sign the bill of exceptions. (Stirling v. Wagner, 4 Wyo., 5; Wood v. Brown, 8 Ala., 564; Water S. & S. Co., v. Tenney, 40 Pac., 442 (Colo.); Redman v. R. R. Co., 3 Wyo., 678; Alley v. Mc Cabe, 147 Ill., 410; Jubb v. Thorp, 2 Wyo., 389; Woods v. Hilliard Fl. Co., id., 457; Techheimer v. Trounstine, 20 Pac., 704; Sahlein v. Gunn, 43 Mo. App., 315; Parroski v. Goldberg, 80 Wis., 339; Byrne v. Clark, 31 Ill. App., 651; Marseilles v. Howland, 136 Ill., 81; Ry. Co. v. Johnson, 34 Ill. App., 351; Perkins v. Bakrow, 39 Mo. App., 331; Laewen v. Hicks, 1 id., 601; Thompson v. Seipp, 44 Ill. App., 515; Atch. & N. R. R. Co. v. Wagner, 19 Kan., 335; Wilson v. Giddings, 23 O. St., 561; 24 S. W., 325; Kincaid's Code Pl., Sec. 1245.)

The bill was presented too late. Mc Bride v. Ry. Co., 3 Wyo., 186; Elliott App. Pro., Sec. 128, 802; U. S. v. Jones, 13 Sup. Ct. Rep'r, 840; Bank v. Elred, 143 U. S., 229; U. S. v. Carr, 61 Fed., 802; Miller v. Morgan, 67 Fed., 82; Cornell v. Hallett (Ind.), 40 N. E., 132: In re Murdock, 129 Mo., 488; U. S. v. C. O. & G. R. Co., 3 Okl., 404: Hanson v. Kinney (Neb.), 63 N. W., 926; Orten v. Tilden, 110 Ind., 131; De Haven v. De Haven, 46 id., 296; Richardson v. Ford, 14 Ill.,

332; Webster v. French, 12 Ill., 302; Atkins v. Ins. Co., Met., 439; Ryan v. State, 10 Neb., 529; Newly v. Rogers, 40 Ind., 9; Kelly v. John, 41 N. E., 1069; Wilkinson v. Casfellow, 14 Ga., 122; Kirkpatrick v. Lex, 49 Pa., 122; White v. Guaranty Co., 65 N. W., 305 (Ia.).

C. C. Wright and Clark & Breckons, contra. In relation to the power of the successor of the trial judge to sign the bill, and contending that he had that power, cited (Ins. Co. v. Wilson, 8 Pet. 291; Bahusen v. Gilbert, 55 Minn., 334; Wood v. Car Co., 136 Ind., 598; 147 Ill., 410; 20 Pa. St., 183; Powten v. Wilson, 21 Fla., 165; Hays v. McNeally, 16 id., 403; Milvehal v. Miller, 2 Duer, 607; Ry. Co. v. Turner, 81 Ky., 489; 1 Tidds Pr., 703), and insisted that Stirling v. Wagner was only decisive of the question as to whether an ex-judge could sign a bill.

That the bill was presented in time. (Ry. Co. v. Gracy, 28 S. W., 736, 29 id., 579; Thomas v. Douglas, 2 Johns. Cases 226; Min. Co. v. Schrenier, 14 Mont., 121; Board v. Dart, 67 Ga., 765; Rogers v. Ry. Co., 70 id., 717; Gottleib v. Wolfe Co., 75 Md., 126; Houghwout v. Boisaubin, 18 N. J. Eq., 315; Proudman v. Melor, 4 H. & H., 122; Knox v. Simons, 3 Brown, Ch. 295; Ker v. Jeson, 3 Dowl. N. S., 538; Daknis v. Wagner, 3 Dowl., 535; Hah v. Dirks, 37 Mo., 574; Isaacs v. Ins. Co., Law R. 5 Ex., 296; Johnson v. Stevens, 23 S. W. (Ky.), 957; King v. Stevens, 5 East 244; Kendall v. Kingsley, 120 Mass., 95; 12 Ill., 302; 91 N. Y., 616; 18 Barb., 347.)

As to right of defendant to raise the question as to sufficiency of bill and especially as to time. (Coquard v. Weinstein, 15 Mont., 554; Shields v. Horbach, 40 Neb., 103; Blaine v. State, 31 S. W. (Tex.), 368; 9 Oh. C. C., 421.)

GROESBECK, CHIEF JUSTICE.

John B. Oakie, one of the defendants in error, files his motion to strike from the record the bill of exceptions.

1. One of the grounds of this motion is that the bill was not reduced to writing and presented for allowance to either the court or the judge thereof in vacation, within the time allowed therefor. The order allowing time in which to prepare and present the bill of exceptions was made when the motion for a new trial was overruled, and the parties making said motion duly excepted to the ruling of the court thereon, and upon request were given "until" the second Monday in May, 1895, within which to prepare and present for allowance their bill of exceptions. The second Monday in May, 1895, we judicially know, and it is conceded under the statute then in force, was the first day of the term of the district court for Natrona County next succeeding the entry of the order allowing time for the preparation and presentation of the bill, and so the time allowed by such order was in effect, "until" the first day of the next succeeding term of the court. This was within the time allowed by the statute, which provides that time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term. Rev. Stat., Sec. 2646.

The bill was not presented for allowance until the first day of the next term, and counsel for the motion to strike the bill from the record contend that by the terms of the order allowing time for such presentation of the bill, the first day of the next term must be excluded, as the time allowed therefor was up to but not including the first day of the term. It has always been the approved practice under this statute to have the order granting time for the presentation of the bill to read "up to and including the first day of the next succeeding term of the court," but this custom was not followed, as the order gives time "until" the first day of the next term. The decision of this ground of the motion rests upon the construction to be given to the word "until," in the order allowing time for the preparation and presentation of the bill, and whether or not it includes or excludes the first day of the next term succeeding the entry of the order.

The word "until" may either in a contract or a law have an inclusive or exclusive meaning, according to the subject to which it is applied, the nature of the transaction which it specifies, and the connection in which it is used, and this rule extends to the correlatives of the word. Ordinarily the word like "from" and "between" excludes the day to which it relates. Kendall v. Kingsley, 120 Mass., 95. The authorities in parallel cases to the one at bar, are conflicting. See Webster v. French, 12 Ill., 301; Clark v. Ewing, 87 id., 344. In a strong dissenting opinion in the last cited case a number of cases are reviewed which are applicable to the question here presented; Pepperill v. Burrell, 2 P. D. C., 674, where it was held that seven days' time for pleading gives the whole of the seventh day to plead in, after excluding the day on which the order was made; Oxley v. Bridges, 1 Doug. 67, where a rule to plead "by" a particular day was entered, that day was construed to continue until the office opened the next morning; Thomas v. Douglas, 2 Johns. Cas., 226, where an order was made enlarging the time to plead "until the second day" of the term, and judgment for want of a plea was entered on the second day of the term; and this was held irregular by the appellate court, Kent being at that time one of the judges, the judgment was set aside, and it was held that the order must be so construed as to include the second day of the term, although it read "until" that day; in Bruce v. Reed, 16 Barbour, 352, the court said: "It has been decided that 'till' includes the day to which it is prefixed," citing Dakins v. Wagner, 3 Dowl. P. C., 535. To the same effect are the following authorities: Hahn v. Dierkes, 37 Mo., 574; Penn. Placer Mining Co. v. Schreiner, 14 Mon., 121; Gottlieb v. Wolf Co., 75 Md., 126, and cases cited; Houghwout v. Boisaubin, 18 N. J. Eq., 315; Board v. Dart, 67 Ga., 765; Rogers v. Cherokee Iron and Ry. Co., 70 id., 717. And it has been held that when time is given until a day certain to file a bill of exceptions, if it is filed on or before that day, it is

filed in time. Railroad Co. v. Turner, 81 Ky., 489; R. R. Co. v. Thomas (Ky.), 29 S. W., 437; Ry. Co. v. Gracy, 28 id., 736 (Mo.). The order of the court in the case at bar gave until a day certain "within which" to file the bill, and under the positive provisions of the code of civil procedure, the exceptions must be reduced to writing and presented to the court or judge thereof in vacation "within the time given for allowance." It may be assumed that every order of court giving time beyond the trial term to present a bill of exceptions is made with reference to these statutory provisions. If the order gives time until the first day of the next term, it seems not to do violence to the language to construe the order as including that day, which is the first and only day after the trial term, when there is a court in session to which the bill may be presented. Such an order should not receive a strict construction resulting in a denial of the right of the party to present his bill of exceptions to the court, but rather a liberal construction preservative of that right. Time "until" a certain day, may be either inclusive or exclusive of the day mentioned, according to the intention of the court, and this intention may be inferred from the subject-matter and other considerations. If one has until the second Monday of May to perform an act or incur a forfeiture, it would be a harsh rule that would enforce the forfeiture after the performance of the act on that day. But the acts to be performed, the preparation and presentation of the bill, are by the terms of the order and the language of the statute to be done "within" a certain time, and in such case, the statutory method of computation also found in the code, must apply: "Unless otherwise specially provided, the time within which an act is required by law to be done, shall be computed by excluding the first day and including the last, and if the last be Sunday, it shall be excluded." Rev. Stat. Sec. 2334. It is manifest from the order of the court that it was intended to give time within which to file the bill, and that the statutory rule of computation

which includes the last day mentioned, was contemplated. The matter has been indirectly passed upon in this jurisdiction in the cases of Jubb v. Thorp, 2 Wyo., 406, and Woods v. Hilliard Flume Co., id., 457, decided by the territorial supreme court. In the former of these cases the order of court allowed the exceptant "until" the first day of the next term to file the bill of exceptions, and in the latter case, he was permitted to file the bill "by" the first day of the next term. It was considered in both of these cases, that the bill must be presented in open court on the first day of the term mentioned, and not before a judge in vacation. These cases were, in effect, overruled by the case of Mc Bride v. U. P. Ry. Co., 3 Wyo. 183, 18 Pac. 635, upon the point that the bill could be presented to the judge in vacation, within the time allowed, but the other question, the one presented here, was not before the court in the last-mentioned case.

The weight of authority is decidedly in favor of the position that the word "until," used in a connection similar to its use in the order of the court in the case at bar, giving time within which to present the bill of exceptions, includes the last day named, and we think our statutory rule for computing the time within which an act is to be done, when required by law, directing that the last day mentioned shall be included, is applicable and settles the question. The bill was therefore presented in apt time.

2. Another ground for the motion to strike the bill from the record presents a more perplexing question. The bill was allowed, signed, and made a part of the record, on the first day of the term of the Natrona district court, following the entry of the order allowing time for the presentation of the bill for settlement, by Hon. J. H. Hayford, who was the successor of Judge Blake, the trial judge, and the one who overruled the motion for a new trial, and granted time within which to present the bill, the latter having died some time previous to the presentation of the bill. It is vigorously asserted that neither

Judge Hayford nor the court presided over by him could have settled and allowed the bill narrating the occurrences at the trial, as the trial judge alone was the proper person to allow and sign the bill, and certify to the absolute truth of the matters detailed in the bill, and thus intelligently make it a part of the record, all of which must import absolute verity. It is contended that the successor to the trial judge, being a stranger to the record, can not certify truthfully to the accuracy of the bill, and in a case like the one presented, owing to the impossibility of securing the action of the trial judge, on account of his death, that the only possible relief to be afforded to the losing party in such a case, who may wish to contest the judgment or decree unfavorable to him, is to secure a new trial, upon an application, setting forth the death of the judge before the time for the settlement of the bill had expired, made within a reasonable time to the district court. Counsel for the respective parties have diligently arrayed the authorities substantiating and opposing this view, which, as will be apparent to one examining the question, will be found in irreconcilable conflict. Doubtless the statute of Westminster, 13 Ed. I, Ch. 31, the parent of all statutes allowing bills of exception, required the signature and seal of one of the trial judges, but the reason for this rule was the necessity of presenting the bill immediately upon taking the exception to the judge for his signature, while his recollection was fresh. The practice afterward was for the judge to note the exception, and to rely upon his notes in the determination of the question whether the bill tendered was true or not, and the bill could be tendered during the term. This rule has still further been relaxed by statute in many jurisdictions in this country, by permitting the bill to be presented within a limited time after the term. Our statute goes still further, and allows the court to grant time for the tendering of the bill for allowance and settlement, not beyond the first day of the next succeeding term, and it also confers the power to allow the bill upon a court, as well as a judge, an innova-

tion upon the usual statutory rule, and enlargement of the usual grant of time beyond the term within which to tender it for allowance.    The time may be extended to and including the first day of the next succeeding term of the court, and when the exception is reduced to writing, it must be presented to the court or to the judge thereof in vacation, within the time given for allowance.    If, true, it shall be the duty of the court, if presented in open court, or the judge of the court before whom the cause was tried, if presented in vacation, to allow and sign it, whereupon it shall be filed with the pleadings as a part of the record, but not spread at large upon the journal.    If the writing is not true, the court or the judge in vacation shall correct it or suggest the correction to be made, and it shall then be signed as aforesaid.    Rev. Stat., Sec. 2646 and Sec. 2649, as amended by Sec. 1, Ch. 38, Sess. Laws 1890.    The exceptant may be allowed under the statute, not only time beyond the term, but until and including the first day of the next term, to tender the bill for allowance, and this full time was given in this cause.    When this time is granted, pursuant to the statute, the exceptant ought not to be deprived of the right to present his bill on the first day of the next term, by a change in the personnel of the court, either by resignation, death, or other casualty not occurring through his own laches.    The rule given in the earlier text-books was very liberal, and where an appellate court had exhausted its endeavors to have the bill correctly returned, it would still do what is in its power to obtain the ends of justice.    In one instance, where a judge refused to sign a bill after having been so ordered by the appellate tribunal, and resigned in order to escape this duty, the supreme court being satisfied that the bill was true as presented, ordered it entered as part of the record, as though it had been duly signed.    People v. Pearson, 3 Scammon (Ill.) 270, 285, cited with approval in Powell on App. Proc. 253.    In this work, it is said in treating of this matter that ''such it is apprehended would be the course of proceedings where the

judge died before signing the bill which was presented to him in due time; or any other accident prevented its execution, where the appellate court were satisfied of the truth of its contents." In support of this position may be cited the case of Burk v. Mc Mullin, 4 Barr (Penn. St.) 317. The later text-books seem to lean to the position that the trial judge alone can settle and allow the bill of exceptions. 3 Ency. Pleading and Practice, 446, 452, 455, 456, and cases cited; 2 Thompson on Trials, Sec. 2807, citing only Law v. Jackson, 8 Cowen (N. Y.), 746; Elliott's App. Proc. Sec. 799. Some of the courts hold to the rule that the trial judge alone is competent to sign the bill, because he alone is personally cognizant of the proceedings, and can testify to the accuracy of the bill, and that the exceptant should not lose his exception because of an event he could in no wise prevent, and is entitled to a new trial where there is no trial judge to act, while other tribunals of equal respectability and dignity hold that the court continues although its personnel changes, and that the successor of the trial judge has authority to settle and allow the bill. Perhaps the differences in practice may be illustrated by contrasting the rulings in the States of Illinois and North Carolina upon the matter of settlement of the bill where the trial judge has forgotten the occurrences of the trial, and can not remember whether the matters detailed in the bill are true or not. In the former State, it was held that where the testimony was not preserved by the stenographer's notes, and the judge had forgotten the evidence, that he should examine the witnesses who testified at the trial to ascertain what they testified to. People v. Gary, 105 Ill., 264. In the latter State in a case where the trial judge certified that his memory of the case was too indistinct to remember what had occurred at the trial, owing to the lapse of time since the trial and before the bill was presented to him, the court said: "There are numerous precedents that if the case can not be settled by the judge by reason of loss of papers, or (prior to the amendatory

act) by reason of his having gone out of office, or other-wise, a new trial will be granted, and, by analogy, the same rule will be adopted where, by the great lapse of time, the judge is unable to settle the case.'' But it was held that the appellant must show that he was not guilty of laches. Simmons v. Andrews, 106 N. C., 201 and case cited; Owens v. Paxton, id., 480.

In the case of Newton v. Boodle, 54 Eng. Com. Law, 795, it was held that where a party has lost the benefit of a bill, of exceptions tendered to the ruling of a judge at nisi prius or at the assizes, by the death of the judge, and without any default on his own part, it is not competent to another judge of the court out of which the record issues to seal the bill of exceptions, and in such a case, where the circumstances warrant it, the court will allow the party to move for a new trial, notwithstanding the proper time for doing so has elapsed. But the rule was granted in order to see if there was evidence to fix one of the defendants on not guilty, as borne out by the notes of the chief justice of the court, who died before the bill was perfected, and it was decided that there was no evidence to connect such defendant with any of the proceedings in trespass, and this was decided upon the notes of the evidence, and the rule was discharged. This ruling and examination into the notes of the judge, was tantamount to reviewing the cause on its merits, warranted perhaps under the circumstances, and is apparently a better practice than to leave the party to obtain his new trial in the court below, as a matter of right and of course, owing to the death of the trial judge without certifying to the bill, for it is manifest that such a course would be a hardship to the prevailing party in the court below, to force him to retry the cause, if there were no reasons for doing so. By granting a new trial, the defendant in error would be put to the time and expense of a retrial of the cause, and this should not be done, unless it appears by an inspection of the record and a re-examination of the issues and the evidence that prejudicial error was committed by the trial

court.    But it is intimated that in the case of Stirling
v. Wagner, 31 Pac. 1032 (4 Wyo. 5), this court through
the opinion of the writer hereof, intimated that the court
allowing the bill must have some knowledge of the matters
detailed in it, otherwise it could not suggest the corrections
to be made, and that the statute using such language indi-
cates an accurate knowledge of the events at the trial.    We
do not think that the case decided that question, as the
matter in dispute therein was as to the power of an ex-judge
to sign the bill in vacation, and we held that a liberal con-
struction of the statute, under the weight of authority,
permitted him to sign and allow the bill.    There were some
expressions in that case, which might lead counsel to
infer that the bill must be allowed and signed by the trial
judge, and not by a stranger to the proceedings of the
trial court; but taken as a whole, the opinion does not
speak nor attempt to speak conclusively on the point in
dispute in this case.    It was insisted that a liberal con-
struction of the statute should prevail in that case, and
this is the rule that we shall follow, in the case before us,
as the statutes relating to the practice in securing bills of
exception is a part of the code of civil procedure, and
that, and "all proceedings under it, shall be liberally con-
strued in order to promote its object and assist the parties
in obtaining justice."    The court should save the rights
of the parties if possible, by saving the bill.    Edwards v.
Kearney, 13 Neb. 502, and other cases from that State
cited in Stirling v. Wagner, supra.    It is true that the
last clause of the section of the code relating to the allow-
ance of bills of exception does provide that if the bill is
not true, the court or judge shall correct it or suggest the
corrections to be made, and this standing alone might
imply that the court or judge must have personal knowl-
edge of the events of the trial, in order to intelligently
sign the bill, but the exceptant has filed his bill within the
time allowed by the court, in open court, and this is under
the express provision of the statute.    The court continues
although its personnel changes, and where as in this case a

duty is imposed upon the court to sign and allow the bill of exceptions as well as upon the trial judge, it seems that the power to perform these duties must carry with it the power of determining the truth of the bill, even where the presiding judge is the successor to the trial judge, who has died, resigned, or gone out of office. The court at the term when the bill was presented was the successor of his predecessor, could exercise the same powers, and had the right to act on every case that remained undecided upon the docket, as fully as his predecessor could have done. The court remains the same, and the change of the incumbents can not and ought not in any respect, to injure the rights of the litigant parties. Life & Fire Ins. Co. of New York v. Wilson's Heirs, 8 Peters, 291; Mc Candless v. Mc Wha; 20 Pa. St. 183; Bahnsen v. Gilbert, 55 Minn., 334; Hayes v. Mc Nealy, 16 Fla. 406. In this connection, it is well to keep in view the discrimination made in the statute. If the bill is presented in vacation, it is to be presented to the judge of the court "before whom the cause was tried," but there is no such statutory provision expressly providing that the "court" settling and allowing the bill, should be presided over by the trial judge.

In this case, the parties opposing the bill stated in writing that the bill was true, and the order of the court allowing the bill recites such admission. The evidence and the details of the trial appear to be preserved by the notes of the official stenographer, and although these are made *prima facie* correct by statute, they are not sufficient without the authentication of the court or judge allowing the bill. (Johns v. Adams Bros., 2 Wyo., 194, 197.) We think that as the evidence and exceptions were thus preserved by the stenographer, and as the opposing parties admitted the correctness of the bill, the court to whom the bill was presented within the time given by the order allowing time for its preparation and presentation was warranted in authenticating the bill. In these busy days it would be impossible for a trial

judge to remember accurately the events of the trial, without having recourse to the laborious and tedious method of taking copious notes of the evidence and matters of exception, and his memory would have to be marvelous, without such aids, to carry in his mind the minutiæ of the trial, where, as in this case, time was allowed and taken to and including the first day of the next term of court. As a matter of practice, sanctioned by long usage and recognized by statute, both bench and bar rely upon the official notes of the stenographer, and this practice is one that should be upheld as it expedites the business of the courts.

Repeating the quotation from People v. Williams, 91 Ill., 91, used in the case of Stirling v. Wagner, supra: "It is, however, contended that so long a time has elapsed since the trial of the cause that it is impossible for the judge to determine what the evidence was on the trial. We do not apprehend there can be much trouble on this score. It is set up in the petition and not denied in the answer that a full phonographic report of all the evidence offered on the trial was made at the time by skilled reporters. If this be true, we can not see how there can be much room for controversy in regard to the evidence." These expressions relate to the preservation of evidence taken in a chancery case in open court, instead of by the master, but the principle is the same as in other Illinois cases, particularly that of People v. Gary, supra, holding that the trial judge may resort to such means when his memory can not be relied upon, in determining the truth of the bill of exceptions, that is, either by taking as true the notes of the stenographer, or by rehearing the witnesses where the testimony has not been preserved. We do not decide whether this latter method can be resorted to, as the court below re-examined no witnesses, but evidently relied upon the notes of the stenographer, and the written admission of the adverse parties, to establish the truth of the bill, and we think his action was warranted under the circumstances of the case, as there was no dis-

pute as to what the bill should contain. Elliott's App. Proc., Sec. 799; Wood v. People, 59 N. Y., 119. Under the case as presented, it would be manifestly unjust to both of the parties to reject the bill for lack of sufficient authentication, as such a course might result in a new trial, when the record, if examined, might not disclose reversible error. If such would not be the result, the plaintiffs in error would be deprived of the right of review secured under constitutional and statutory provisions, without any fault on their part, and when they have proceeded under the order of the court, and are not guilty of laches. We feel that we must liberally construe the statute and save the bill in order to prevent a miscarriage of justice.

3. The remaining ground of the motion is that the bill of exceptions does not purport to show all the evidence admitted at the trial of the cause. It is but fair to say that counsel inserted this ground owing to the action of the court in requesting an argument upon that point. We can not say that it is necessary to have all the evidence before us at this stage of the proceedings. That matter may only be determined by an inspection of the bill and an examination of the assignment of errors. So far as we can ascertain from the certificate to the bill, we think it may be gathered therefrom that all of the evidence is in the bill. However, if it should hereafter appear that the bill has vices which will invalidate it, we can dispose of that matter upon the hearing upon the merits.

The motion to strike the bill of exceptions from the record is overruled.

Conaway, J., concurs.

Scott, Dist. J. (who sat in lieu of Mr. Justice Potter who was of counsel below), dissenting. I dissent from so much of the foregoing opinion as appears in paragraph two thereof, and think that the motion to strike should be granted.