L. A. and G. A. McGOWAN v. H. C. HARRIS.

*Practice—Lost Record—New Trial.*

Where it appears that an appellant has been guilty of no laches or fraud
   and the trial judge certifies, after an appeal, that his notes of the
   trial have been lost, that he is unwilling to trust to memory to set
   forth the evidence in detail, as should be done in fairness to both
   parties, and requests that a new trial be ordered, it is the well
   settled practice to grant the request and order a new trial.

CIVIL ACTION, tried before *Graham, J.,* at December
Term, 1896, of PITT Superior Court.    There was judg-
ment for the defendants and plaintiff appealed.    His
Honor addressed the following statement to this court:

"The notes taken by myself, which were very copious,
were not sent to me with the other papers in the cause, and
upon inquiry I find they have been mislaid or lost.

"In a cause of this importance I am not willing to trust
to my memory to set forth the evidence in detail as should
be done, in justice to both parties, and I therefore request
your Honorable Court to order a new trial."

*Messrs. Blount & Fleming,* for plaintiffs (appellants).
*Mr. James E. Moore,* for defendant.

DOUGLAS, J.: In this case the judge below certifies that
the notes taken by him on the trial have been mislaid or

lost; that he is not willing to trust to his memory to  set forth the evidence in detail, as should be done, in justice to both parties, and he therefore requests this court to order a new trial.    There is no appearance of laches or fraud on the part of the appellants, and in such cases it is the well settled practice of this court to order a new trial.    In the leading case of *State* v. *Powers*, 10 N. C., 376, the opinion delivered by Taylor, C. J., says: "It appears from the certificate of the judge that a case presenting the points was intended to have been made up, but was prevented from his having lost his notes of the trial.    Under these circumstances there is no other mode by which the justice of the case can be attained but by awarding a new trial." Cited and approved in *Isler* v. *Haddock*, 72 N. C., 119; *Sanders* v. *Norris*, 82 N. C., 243; *Burton* v. *Green*, 94 N. C., 215; *Simmons* v. *Andrews*, 106 N. C., 201; *Owens* v. *Paxton*, 106 N. C., 480; *Clemmons* v. *Archbell*, 107 N. C., 653.

There is also a line of decisions to the same effect where the trial judge died or went out of office before the case was made up, but Section 550 of the Code now makes it, in such cases, the duty of the judge going out of office to settle the case as if he were still in office.

These cases uniformly lay down the rule that a new trial will not be ordered unless it is made to appear that the appellant is not guilty of laches.    *Simmons* v. *Andrews*, 106 N. C., 201; *Heath* v. *Lancaster*, 116 N C., 69.    It would not be just to permit an appellant to obtain, simply through his own negligence or fraud, the benefit that would properly result only from the successful prosecution of his appeal.    It should be made to appear affirmatively that he exercised due diligence in endeavoring to perfect his appeal, and that his failure to do so is not due to any act or negli-

gence of his own, or of another with his knowledge or consent.

While in this case no such evidence has been offered by the appellants, the finding and request of his Honor, who tried the case, is taken as sufficient.

The appellants are entitled to a new trial and it is so ordered.

New trial.