Common Pleas Court of Ross County.

CHESAPEAKE & HOCKING RAILWAY CO. V. ORR.

Decided August 20, 1929.

W. G. Hyde, and Wilson & Rector, for plaintiff.
J. D. Withgott, for defendant.

YAPLE, J.

This is an action brought in this court by the plaintiff for the condemnation of certain real estate described in the petition. The case proceeded in the regular way and

the issues as to the value of the land to be condemned and of the damages to the remaining real estate of the defendant were submitted to a jury, which returned its verdict finding separately the value of the real estate to be taken and the damages to the remaining real estate owned by the defendant which would result from the taking of the part asked by the railroad company and the use to be made of such property. Motion for a new trial was duly made by the plaintiff; the first ground of such motion being that the verdict of the jury was against the manifest weight of the evidence. Numerous other grounds and reasons for setting aside the verdict are set forth in the motion for a new trial filed by the plaintiff, but by agreement of parties and at the suggestion of the court it was thought best to consider and decide the first ground set forth in the motion separately and first. Subsequent to the filing of plaintiff's motion for a new trial the Common Pleas Judge who presided at the trial, the late Judge Addison P. Minshall, died, before the motion for a new trial was disposed of, and the present judge is the successor in office of Addison P. Minshall.

Counsel for the plaintiff cited and rely upon the case of *Redman* v. *Price Brothers Company*, 27 N. P. (N. S.), 287. It would seem from the statement of facts in that case that the same question was presented to the court in that case that is now before this court in this case. In the course of the decision in the Redman case it is stated that the great weight of authority is that where the trial judge has died before a motion for a new trial has been disposed of, and that where one of the grounds for a motion for a new trial is that the verdict is against the manifest weight of the evidence, and the motion for a new trial is being disposed of by another judge than the one who presided at the trial, that such motion must be sustained and granted as a matter of course.

This statement is vigorously disputed by counsel for the defendant in this case and elaborate briefs have been submitted by counsel for the defendant, and a reply brief thereto by counsel for the plaintiff.

It is admitted that at the trial of this case to a jury the testimony was taken down by the official court stenographer, and that a transcript of this evidence has been made and is available for use by this court in the event the court desires to examine and consider the evidence; and no question is made as to the correctness of the transcript of the evidence, or that it does not set out accurately and fully the evidence submitted to the jury on the trial of this case.

The general rule as to the granting of new trials where the motion challenges the correctness of the verdict because of the insufficiency of the evidence, or that it is against the manifest weight of the evidence, when such motion is heard by another judge than the one who presided at the trial is thus laid down in Ruling Case Law, Vol. 20, Sec. 82:

"It is always desirable that a motion for a new trial should be heard and decided by the same judge who presided at the trial of the cause, as his familiarity with the case the better enables him to rule upon the questions raised by the motion, but in order to protect the rights of suitors and prevent a failure of justice, it is sometimes absolutely necessary for a judge to hear and decide a motion for a new trial in a case in which he did not preside at the trial. As a general proposition, therefore, the successor in office of a trial judge has jurisdiction to pass on a motion for a new trial, in a civil case where the motion is not desposed of during the incumbency of his predecessor, or is made in a case tried before the predecessor. This rule applies to cases where the trial judge dies or his term expires before the motion is disposed of, where a cause is transferred from one county to another while the motion is pending in the former, and where the district in which a cause has been tried is changed. It is also applied to a motion made before a special judge appointed by the governor to hold court during the disability of the original trial judge. But where a court is abolished, thus causing the transfer of a cause to an appellate court, it has ben held that the latter court has no authority to pass on the motion. The rule in criminal cases seems to be the same as in civil actions, that the successor in office of the trial judge may properly hear and determine a pending motion for a new trial. Under the common law practice and where the right has not been regulated by statute,

the proper disposition for a succeeding judge to make of a case on the docket of his court, pending upon a motion for a new trial, is to direct a new trial as a matter of course, except where no examination or weighing of evidence, or the credibility of witnesses, is involved. But under modern statutes making provision for stenographic reports of evidence, and enabling the succeeding judge to sign bills of exceptions, a new trial is no longer a matter of course, but may be granted or denied at the discretion of the succeeding judge. This is true, however, only where he is furnished with the information, either by stenographic notes of the evidence or otherwise, which will enable him to pass fairly and intelligently on the questions presented by the motion, and if he cannot do so he is required to grant a new trial."

In support of the rule as laid down in the text a number of cases are cited.

The rule is thus stated in 40 Corpus Juris, Section 464:

"The mere fact that a motion for a new trial is heard and passed upon by a judge other than the one who presided at the trial, such as the successor of the trial judge, does not wholly deprive him of discretion, or require him to grant a new trial, at least where the evidence and proceedings at the trial have been preserved, or the motion does not involve the examination or weighing of the evidence; but it is proper to grant the motion where it involves the sufficiency of evidence which has not been preserved, and in some jurisdictions, before a change of the rule by statute, it was both proper and necessary, on a motion involving the sufficiency of the evidence, to grant a new trial as a matter of course for the reason that the new judge could not intelligently pass on the merits of the motion. A judge other than the one who presided at the trial may grant a new trial where the verdict is not demanded by the evidence; and it is clearly his duty to grant a new trial where he is convinced, from an inspection of the record, that the evidence preponderates against the findings of the jury. On the other hand he should not grant a new trial on the evidence where the verdict is supported by the evidence, and a verdict in favor of the opposite party would not be so supported."

The power and duty of the successor of the trial judge is also discussed in Sec. 458 of 46 Corpus Juris:

"Where a motion for a new trial is heard, considered, and determined by a judge other than the one who presided at the trial, he must act on the evidence upon which the verdict was founded. According to some authorities, he is limited to an inspection of the record, but according to other authorities the moving party should be allowed to establish by any competent evidence the facts which transpired at the trial, and the evidence at the trial may be ascertained from the notes of the trial judge, his affidavit, an unofficial stenographic report sworn to be substantially accurate, the affidavits of counsel or of other persons who heard and remember the evidence, the reexamination of witnesses, or by any other lawful mode."

I find the general rule to be thus laid down in 23 Cyc., 567:

"As a general rule a succeeding judge has authority to hear and determine a motion for a new trial in a case heard by his predecessor, where the latter has ceased to preside and departed from the district in which the trial was had, where his term of office has expired, or where he has died. And this power may be exercised by a special judge elected to proceed with the business of the term. A judge under such circumstances must act on the evidence upon which the verdict was founded, which may be ascertained by reference to the notes of the trial judge or by his affidavit, or that of the counsel in the case, by reexamination of the witnesses, or by any other lawful mode."

Counsel for defendant in this case press upon our attention the case of *Southall* v. *Evans,* 76 S. E., 929. This case was decided by the Supreme Court of Appeals of Virginia in 1913. It appears from the statement of facts that on the trial of the case the evidence was taken in shorthand by a stenographer who was not an official stenographer. The jury having returned a verdict a motion was filed to set it aside, and before such motion could be heard the judge who presided at the trial of the case became incapacitated, and as one ground of the motion for a new trial was that the verdict was not sustained by sufficient evidence, it was urged upon the successor of the trial judge that the motion for a new trial would have to be sustained as a matter of course. In the

Supreme Court of Appeals the authorities are fully re-viewed, and paragraph 2 of the syllabus of the case is as follows:

"Where the judge who tried a case became incapacitated before passing on a motion for a new trial, his successor had power to pass on the motion and render a judgment on the verdict in case the motion was denied, notwith-standing he had not seen the witnesses testify, and there-fore had not that aid in determining the weight of their evidence."

The various authorities are extensively reviewed in the course of the opinion, and the conclusion as stated in the quotation in the syllabus arrived at.

The question before the court in this case was before the Supreme Court of Illinois in the case of *People* v. *Mc-Connell,* 155 Ill., 192, 40 N. E., 608. In the course of the decision of that case the Supreme Court of Illinois say:

"We are of the opinion that, under the modern practice in our courts, the better rule, and the one sustained by perhaps the weight of more recent authority, is that the succeeding judge, presiding in the same court, has power to decide a motion for a new trial, and to grant or over-rule the same, and enter such judgment or order as shall to justice appertain.

The court is required to pass upon and determine the motion for a new trial. The determination is a judicial one, to be made by the court, and not by the particular judge who may, at a particular time have presided therein.

The objection that the particular judge who is asked to pass upon the motion did not see the witnesses, or hear them testify, and therefore did not have the means of determining the weight or credit to be given to their tes-timony, would obtain equally if there was an authenticated record presented to him * * *. The purpose of all in-vestigation in the courts is to do justice promptly and without unnecessary delay, and the parties litigant and the public are alike interested in speedy and correct deter-mination of causes. In modern practice a full steno-graphic report is usually made, as was done in this case, and the correctness of the transcript presented to the court, of the occurrence at the trial, is easily and readily ascertainable."

Some reasons why the rule contended for by the plaintiff

in this case should not be followed are set out in the case of *Conway* v. *Smith Mercantile Co.*, 6 Wyo., 327, 44 Pac., 940, as follows:

"This ruling and examination into the notes of the judge was tantamount to reviewing the case on its merits, warranted perhaps under the circumstances and is apparently a better practice than to leave the party to obtain his new trial in the court below as a matter of right and of course, owing to the death of the trial judge without certifying to the bill, for it is manifest that such a course would be a hardship to the prevailing party in the court below, to force him to retry the cause if there were no reasons for doing so. By granting a new trial the defendant in error would be put to the time and expense of a retrial of the cause, and this should not be done, unless it appears by an inspection of the record and a re-examination of the issues and the evidence, that prejudicial error was committed by the trial court."

Section 11576 of the General Code provides that the verdict of a jury may be vacated, "and a new trial granted by the trial court."

The statutes of this state nowhere provide that a new trial shall be granted as a matter of course by the successor of the trial judge.

It has become almost a universal practice for the evidence to be taken down by official and competent stenographers. The reason for the rule that a motion for a new trial should be granted as a matter of course by the successor of a trial judge, as is laid down in some of the earlier decisions, was evidently and apparently the inability to place before the succeeding judge a full and complete transcript of the evidence. While there is force in the suggestion that because of his inability to hear and see the witnesses and observe their manner, the countervailing reasons why motion to grant a new trial by the successor of the trial judge should not be granted as a matter of course would seem to outweigh the reasons why such motion should be granted as a matter of course. The prevailing party should not be deprived of the benefit of his verdict by no fault of his own. He should not be

put to the time and expense of a retrial, unless it appears from an examination of the evidence that the verdict of the jury should be set aside. It is to the interest of the Republic that there should be an end to litigation. Believing that under our modern practice where the evidence is taken by official stenographers, and complete and accurate transcripts of the evidence can be placed in the hands of the succeeding judge, and that the weight of the modern authorities and text writers are to the effect that where a transcript of the evidence can be placed in the hands of the successor to the judge who presided at the trial, the motion for a new trial should not be granted as a matter of course, the application to this court to grant the motion for a new trial as of course, is overruled, and the court will consider the evidence and decide the motion for a new trial on its merits.