CASTLEMAN VS. GRIFFIN.

CASTLEMAN
v.
GRIFFIN.

In an agreement for the sale of land it was stated, that the land was to be conveyed subject to an understanding between the vendor and certain other persons in reference to making a road then running through the premises a "public" road; but that if the same should not be declared a "public" road by the highway commissioners before the execution of the deed, the vendee should take the premises "unencumbered by said understanding." *Held*, that this was a reservation to the vendor of power to cause the road to be made a public one, in pursuance of such understanding, at any time before the execution of the deed.

*Held*, also, in an action to recover the purchase money, that evidence was not admissible to show that at the time of the execution of the deed, the vendor represented to the vendee that nothing had been done in reference to the road, since the date of the agreement, whereas in fact the road had, in the meantime, been declared a public highway by the commissioners at the instance of the vendor, and he had received an agreed sum as damages therefor.

A false statement does not amount in law to fraud, if it does not operate *injuriously* to the party to whom it is made.

Where evidence was improperly admitted upon a trial, and the jury were not afterwards positively directed to disregard it, the inference must be that they were influenced by it, if they found for the party who introduced it, although the charge of the court was exclusively upon an issue to which the improper evidence did not apply.

An objection that the bill of exceptions was not filed with the clerk of the court below within ten days after it was settled and signed, as required by Rule 14, cannot be made in this court.

The remedy of the defendant in error was by motion in the court below to strike it from the files for irregularity.

Upon such a motion the excuse of the plaintiff in error would be heard, and leave given him, in a proper case, to file the bill of exceptions on such terms as the court might deem just.

ERROR to the Circuit Court for *Dane* County.

*Castleman* sued *Griffin* for a balance claimed to be due on the purchase money of the "Lake Side Retreat," near Madison, which he had sold to *Griffin*. The agreement for the sale of the property was executed in Chicago on the 5th of March, 1858, and contained a stipulation in regard to a road through the property, which is recited at length in the opinion of the court. The deed from *Castleman* to *Griffin* was executed in the city of New York about the 17th of March, 1858. One ground of defense was, that the plaintiff induced the defendant to purchase the property by false and fraudulent representations that it was a well established water cure,

and had a large run of custom, and was a profitable establishment, and during the previous summer had cleared $1,000 per month profit. Another ground of defense was, that at the time of making said *agreement*, there had not been any highway laid out through said property, and that the plaintiff agreed he would not do anything after that time to enable the supervisors of the town of Madison to open a road through it; that at the time of the execution of the *deed*, the plaintiff stated that he had not done anything in regard to said road since the date of the agreement; and that the defendant accepted the deed believing that statement to be true; but that the plaintiff had in fact, between the times of making the agreement and executing the deed, entered into an arrangement with the proper town officers, and had the highway laid out at his own request, and had settled with said officers for the damages at $300, and received payment therefor; and that the actual damage to the property by reason of laying said highway through it, was at least $5,000, for which the defendant demanded judgment, by way of counter-claim. Reply in denial. The evidence in support of the first ground of defense need not be stated. As to the second, the defendant having stated, as a witness in his own behalf, that he asked the plaintiff at the time the deed was executed, what had been done about the road, his counsel put to him the question, "What did he say to that?" The plaintiff objected to the question, but the court overruled the objection, and the witness answered: "He stated that there had been nothing at all done about the road since I was there, and he had no fears that there would be." Evidence was introduced on the part of the defendant, to prove the damage done to the property by the laying out of the road, to which the plaintiff also objected. The plaintiff introduced rebutting evidence upon the same subject. The court instructed the jury that if they found that the representations of the plaintiff, in the sale of the property to the defendant, were made as alleged, and were false and fraudulent, and that the defendant had been damaged by them, they should find the amount of that damage, and if it were less than the plaintiff's claim, should deduct it and give the

plaintiff a verdict for the balance; and if it were more than the plaintiff's claim, should deduct that claim from the damage and give the defendant a verdict for the balance. The charge was silent in reference to the road, or to the controversy between the parties upon that subject. The jury found for the defendant and assessed his damages at $5,000. Judgment on the verdict.

*Waldo, Ody & Van Valkenburg*, for plaintiff in error. [No brief on file.]

*Hopkins & Johnson*, for defendant in error:

The bill of exceptions in this case was signed on the 4th of June, and not filed until the 17th of December. The rule declares that if not filed within ten days after it is signed, it shall be deemed abandoned; so that this court cannot consider it as before them. 2. The contract refers to an understanding in reference to the road, but does not purport to express what it was. Parol proof was proper to show what was meant. Phil. Ev., C. & H.'s Notes, 746, *et seq.;* and proof of the plaintiff's declarations at the time of making the deed, were admissible to show fraud.

*By the Court*, DIXON, C. J. The circuit court erred in allowing the statement of the plaintiff in error, made at New York, as to the laying out of the alleged highway, to be given in evidence to the jury; and likewise in permitting the defendant in error to go into proof of the damage sustained in consequence of such highway having been laid out and opened. It is not disputed that there was, at the time of the execution of the contract, some kind of an understanding or attempted arrangement between the plaintiff in error and the supervisors of the town and others, with regard to the laying out and opening of the road in question. The contract itself recognizes and admits its existence; and by it, the right of the plaintiff in error to perfect and carry it out at any time prior to the execution and delivery of the deed, is expressly reserved. It reads thus: "It is also understood and agreed that the said premises are to be conveyed as aforesaid, subject to an understanding between the said *Alfred L. Castleman* and certain parties, in relation to the road

April 10.

now running through said premises being made a public highway; but should said road not be declared a public road by the highway commissioners prior to the execution of the deed from the said *Castleman* to the said *Griffin*, for said premises, the said *Griffin* is to have the right to object or consent as he pleases, to said road being made a public road, unencumbered by said understanding." This was a substantial reservation of power in the plaintiff in error to complete the negotiation, and to cause the road to be made public, before the deed was executed according to the terms of the contract. If it was so completed and the road made public, the defendant was to have no right of objection or consent; but if not, then he was to have the privilege of doing either, as he pleased. This being the condition of things, it is manifest that it was wholly immaterial what the plaintiff in error said, at the time the parties met in New York for the purpose of executing and delivering the deed, in regard to the understanding having been carried into effect and the road made public. According to the stipulations of the contract, it was a matter of total indifference to the defendant whether the understanding had been perfected and the road made public, or whether they had not. In either case, he was equally bound by his agreement, and obliged to accept a delivery of the deed. The statements of the plaintiff, therefore, assuming them to have been falsely made as claimed by the defendant, did not amount to a fraud in law. They did not affect or vary the legal rights or responsibilities of the defendant. Such statements, to constitute a legal fraud, must not only be false, but must operate injuriously to the party to whom they are made. Such was not the operation here. No illegal or inequitable advantage was taken of the defendant by means of them. See *Ableman vs. Roth and others*, [12 Wis., 81], and authorities there cited.

These reasons apply with equal force to the objections which were taken to the evidence of the damages alleged to have been sustained by the defendant on account of the road having been laid out. The plaintiff certainly cannot be made liable in damages for acts which he was authorized by the contract to perform.

The position of the counsel for the defendant in error, that the testimony thus improperly received was subsequently withdrawn from the consideration of the jury, is not sustained by the record. It is true that the judge, in his instructions to the jury, was silent upon the subjects of this testimony; but such silence was by no means equivalent to a positive direction to them to disregard it. Without such direction, the inference must be that they considered and were influenced by it; and even where they are so directed, the case will still be unrelieved from error, if it appears that their verdict was in any way affected by the testimony improperly. *State Bank of Wisconsin vs. Dutton*, 11 Wis., 371; *Remington vs. Bailey* [*ante* 332]. The objection that the bill of exceptions was not filed with the clerk of the court below within ten days after it was settled and signed, as required by Rule 14, cannot be made here. The remedy of the defendant in error was by a motion in that court to strike it from the files for irregularity. Upon such motion, the excuse of the plaintiff could have been heard, and leave given him, in a proper case, to file it upon such terms as the court might deem just.

Judgment reversed, and a new trial awarded.