## LUM and another vs. HOAG and others.

*Practice — Bill of exceptions — Withdrawal of record.*

1. A motion to strike out the bill of exceptions because not filed in the court below within ten days after it was settled and signed, must be made in that court, and cannot be made here.
2. Where the bill of exceptions shows that written instruments were given in evidence and marked as exhibits, and does not set them out at length nor purport to give copies of them (though it purports to contain all the evidence), but gives some general description of them, it will *not* be struck out of the record on that ground. *Oliver v. Towne*, 24 Wis., 512, and *Sexton v. Willard*, 27 Wis., 465, distinguished.
3. If the respondent desired the instruments to be inserted at length, he should have proposed the proper amendments.
4. Respondent's attorney in this case may apply to this court for leave to withdraw the record, for the purpose of having the bill of exceptions re-settled, unless appellant's attorneys stipulate that the exhibits may be considered as a part of the bill of exceptions.

APPEAL from the Circuit Court for *Jefferson* County.

This is a motion to strike out the bill of exceptions herein, for two reasons; 1. Because it was not filed within ten days after it was settled as required by circuit court rule 14; and 2. Because it purports to contain all the testimony, while it

appears by the bill itself, that various written instruments, which are not set out therein, were read in evidence on the trial.

*I. W. & G. W. Bird* and *G. A. Seeber*, for the motion.

*Weymouth & Porter, H. H. Blanchard* and *M. B. Williams, contra.*

LYON, J. I. The first ground assigned for striking out the bill of exceptions, is not available in this court. The motion, so far as it is predicated upon the failure to file the bill with the clerk of the circuit court, within ten days after it was settled and signed, should have been made to the circuit court. It was so held in *Castleman v. Griffin*, 13 Wis., 535. That case is decisive of the question.

II. The bill of exceptions shows that a large number of written instruments were given in evidence, on the trial of the action, and marked as exhibits, none of which were set out at length in the bill. These are referred to by some general description, and the bill does not purport to give copies of them, but it does purport to give all of the testimony in the case.

The counsel for the respondent argues that the case comes within the rule laid down by this court, in the cases of *Oliver v Town*, 24 Wis., 512, and *Sexton v. Willard*, 27 id., 465. But we think otherwise. In those cases, blanks were left in the proposed bills served upon the opposite party for the insertion of copies of certain documentary evidence, and the same were not inserted in the engrossed bills which were settled and signed by the circuit judge. The proposed bills in those cases showed an intention to insert copies of the documents in the engrossed bills, upon which the party served might well rely, without proposing amendments to secure such insertion. The court held that because the same were not so inserted nor attached as exhibits, nor identified and made part of the bills, in any other manner, the bills were imperfect and incomplete, and they were accordingly struck out. But here we have no such state of

Lum and another vs. Hoag and others.

facts. The proposed bill served upon counsel for the respondents, failed to show any intention by the other party to set out copies of the instruments in question, or to attach them as exhibits, and if the respondents desired that the bill should contain these, they should have proposed the proper amendments to secure that object.

There is no rule of practice which requires a party who desires to have a bill of exceptions settled, to insert in the proposed bill, in the first instance, all of the testimony, or copies of all documents used as evidence on the trial. He may only insert what he deems material to his side of the case. If he omits testimony which the opposite party desires that the bill should contain, such party may secure the insertion therein of such omitted testimony, by proposing the proper amendments. If no amendments be proposed, and the bill as settled contains only a partial statement of the testimony, it cannot be struck out on motion for that reason, unless it also purports to contain testimony which is omitted therefrom, as in the cases above cited.

If the respondents think it important to them that the written instruments in question be set out fully in the bill of exceptions, they may apply to this court for leave to withdraw the record for the purpose of obtaining a re-settlement of the bill by the circuit judge, unless the attorneys for the appellants will stipulate that the exhibits may be considered and treated as a part of the bill.

*By the Court.—* The motion to strike out the bill of exceptions must be denied with costs.