[No. 20452.  In Bank. — November 19, 1888.]

JOHN SANSOME, PETITIONER, *v.* B. F. MYRES, SU-
PERIOR JUDGE ETC., RESPONDENT.

CRIMINAL LAW — BILL OF EXCEPTIONS MUST BE FULL AND FAIR. — Under sections 1171 and 1174 of the Penal Code, it is the duty of the party in a criminal case desiring to have a bill of exceptions settled to prepare a full and fair draught of the bill. If the bill as presented to the judge is not full and fair, but is a mere skeleton of the evidence and proceedings had at the trial, the judge is justified in refusing to settle it.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

LXXVII. CAL.—23

*A. L. Hart,* and *D. L. Chamberlain,* for Petitioner.

*F. P. Tuttle, John W. Fulweiler,* and *Pillsbury & Blanding,* for Respondent.

THORNTON, J.—This is an application for a writ of mandate commanding the Honorable B. F. Myres, judge of the superior court of the county of Placer, to settle a bill of exceptions in the case of *People* v. *Sansome.* Sansome, the petitioner for the writ here, was indicted by the grand jury of Placer County for the crime of robbery, and tried on this indictment before the superior court of the same county, the Honorable B. F. Myres, presiding. He was convicted and sentenced, and at the proper time a motion for a new trial was made. This motion was made on the grounds that the court had misdirected the jury in matters of law, and erred in the decision of matters of law arising during the course of the trial, and that the verdict was contrary to the evidence. In due time counsel for the defendant, Sansome, prepared a draught of a bill of exceptions, which was regularly presented, on notice to the district attorney, to the judge for settlement. The judge refused to settle the bill presented, on the ground that it was inaccurate, and in many respects untrue, and contained but a meager and partial statement of the facts and proceedings leading up to and connected with and upon which the rulings of the court were had, that are complained of, and also a mere defective skeleton of the testimony and evidence submitted to the jury, and upon which they reached their verdict of guilty. To the alternative writ issued in this case, the judge has filed an answer, in which he states the same reasons for not settling the bill of exceptions, and amplifies them. The judge in his answer says: "That to have presented fully and fairly all the matters and things and facts connected with and leading up to the rulings of the court and connected with the trial, as tending to show error, it would have been

necessary for the court to have added amendments to that part of the bill of exceptions, relating to such errors, of about twenty pages of manuscript, and in fact, the matters were so presented in said bill of exceptions that the only proper way would have been to have drawn an entirely new bill as a substitute; and the testimony of the seven witnesses for the people, as set out in the proposed statement, was condensed to four and a half pages of very coarsely written manuscript, while the testimony for the people, as given by the witnesses, covered over 115 pages of type-writing, as actually written by the court reporter under the order of the court, for the use of the petitioner's attorney; and in fact contained very little, and in some instances none, of the material testimony as given by the witnesses for the people; that to have made that part of the statement a fair presentation of the testimony upon which the jury found their verdict would have required amendments covering at least fifty pages of manuscript; and this court would have to have written, or ordered the same written at its dictation, such amendments, and in fact would have had to draught an entirely new bill of exceptions and statement." The judge further states that none of the testimony of Captain A. W. Stone, so far as it related to the commission of the offense, and as tending to connect the petitioner with the commission of the crime, was set out in the bill of exceptions, although the same covered over fifty pages of type-writing, nor was any part of the three statements claimed to have been made by the petitioner at three different times, and to be contradictory and inculpatory in their nature, given in the bill, although such statements were more than ten pages in length of type-writing; that the testimony for the defense, as set out in the bill presented, was partial, and did not contain, but rather omitted, all those matters which tended to criminate defendant, or to show that such evidence might not be true, or was given under a mistaken recollection of

the facts. The learned judge states that he was ready at all times, and has ever been ready, to settle and allow a fair and full bill of exceptions in the case, and submits that he should not be compelled to draught or amend the bill of exceptions presented so as to present a full and impartial statement and showing of the facts and circumstances and matters upon which the rulings of the court were made, and of the testimony by which the verdict was supported, and upon which it was reached. The above statements present the portions of the answer herein which are of material importance, and which are to be considered.

As we understand the position of this cause, it was argued upon a general demurrer to the answer. The statements of the answer must then be taken as true. That it is the duty of the party desiring to have a bill of exceptions settled to prepare the draught of such bill, is plainly required by the statute. (See Pen. Code, sec. 1171. See also section 1174 of the same code.) This duty of preparing such a draught cannot, by direct or indirect means, be thrown on the court or judge. The draught to be prepared by the party should be full and fair. It should show fully and fairly all the facts and circumstances on which the rulings of the court, excepted to, were based; and when the ruling of the court, on a motion for a new trial, made on the ground that the verdict is contrary to the evidence, is to be reviewed, all the evidence on which the jury acted should be set out in the draught of the bill. The mistakes and omissions of the draught may be corrected and supplied by the suggestion and order of the judge on the settlement of the bill, so as to make the bill, when settled, conform to the truth, and correctly set forth, so far as is material, what transpired on the trial or proceeding to be reviewed. The judge should see that the bill is a true history of what it purports to set forth. But this duty of the judge does not extend so far as to require him to prepare or have

prepared what in effect would be a new bill of exceptions. This would be to impose on the judge, and relieve the party of, the duty of preparing the draught of the bill of exceptions to be settled. Taking the facts stated in the answer of Judge Myres to be true, as we must in the manner in which the case is presented to this court, we think it clear that, by allowing the writ here asked for, we should be imposing on the judge the duty and task of preparing what would be substantially a new bill of exceptions, and taking from the party desiring to have the bill settled a duty imposed on him by the statute. Entertaining these views, we must hold that the answer of Judge Myres is sufficient, and states facts which are a defense to the application of the petitioner. The demurrer to the answer must be overruled. So ordered.

SEARLS, C. J., McFARLAND, J., PATERSON, J., WORKS, J., and SHARPSTEIN, J., concurred.