Wysor *et al. v.* Johnson *et al.*

Filed Feb. 2, 1892.

-----

No. 13,628.

### WYSOR ET AL. *v.* JOHNSON ET AL.

BILL OF EXCEPTIONS.—*Delay of Judge in Signing.—Effect.*—If time is given for filing a bill of exceptions, and within that time a proper bill is prepared and presented to the judge, and the fact of presentation is shown by the recitals of the bill, delay of the judge in signing it will not prejudice the party presenting it; for it may be signed and filed after the expiration of the time allowed.

SAME.—*Presentation of Part of Bill Before and Part After Time Allowed.*—If part of a bill of exceptions is presented within the time allowed and part after that time, no part of the bill will be considered on appeal.

SAME.—*Filing within Term Time.—No Time Given.*—If a bill of exceptions is signed and filed during the term at which the ruling it contains was made, it is a part of the record, although no time was given within which to file it.

Wysor *et al. v.* Johnson *et al.*

SAME.—*Ruling After Time Given.*—Time given within which to file a bill of exceptions can not be construed as applying to a ruling thereafter made.

From the Delaware Circuit Court.

*W. Brotherton* and *W. W. Orr,* for appellants.

*J. N. Temple* and *J. F. Sanders,* for appellees.

McBRIDE, J.—The first three errors assigned in this case relate to rulings of the circuit court in overruling demurrers to pleadings. Having carefully read the pleadings thus questioned, we deem it unnecessary to devote time or space to any extended consideration of the alleged errors. They are, in our opinion, clearly and unmistakably good. Indeed, the manner in which the questions were presented to this court is practically a waiver of error, if there had been any, and we have only examined the pleadings with a view to satisfying ourselves whether or not there is merit in the appeal.

The only remaining error assigned is that the court erred in overruling a motion for a new trial. The record shows the return of the verdict of the jury December 23, 1885. A motion for a new trial was filed the next day. December 30th the court made an order giving sixty days' time within which to perfect and file bills of exception. On the same day the appellant filed a bill of exceptions relating to a matter not involved in this appeal. The motion for a new trial was overruled February 19, 1886, and judgment was rendered against the appellants. They excepted and prayed an appeal to this court, which was granted, but no time was asked or granted for filing a bill of exceptions. On the 16th day of February, 1887, that which purports to be a bill of exceptions containing the evidence and instructions to the jury was filed. This was only three days less than a year after the motion for a new trial was overruled and judgment rendered. The bill of exceptions contains the following:

"All that part of this bill of exceptions designated as follows, to wit, commencing with page No. 0 of the long-hand manuscript of the evidence, to page No. 288 thereof inclusive, and including the instructions to the jury given by the court, and the refusal of the court to give certain instructions asked by the defendants, and their exceptions thereto, was presented to the judge of this court on the 27th of February, 1886, and was so endorsed, as thereon appears; that said bill, as then presented and endorsed, was left with the official short-hand reporter, and was not again seen by or presented to the judge of this court until the 16th of February, 1887, at which time all that part of the foregoing bill following page No. 288 to and including page No. 822 has been since attached thereto, and said bill, in the manner and form as above stated, is now, on the 16th day of February, 1887, signed and allowed as the bill of exceptions in this cause.                    ORLANDO J. LOTZ,

" Judge Delaware Circuit Court."

If time is given for filing a bill of exceptions, and within that time a proper bill is prepared and presented to the judge, and that fact is shown by the recitals of the bill, delay of the judge in signing it will not prejudice the party presenting it.    It may be signed and filed after the expiration of the time.    *Robinson* v. *Anderson,* 106 Ind. 152; *Vincennes, etc., Co.* v. *White,* 124 Ind. 376; *Joseph* v. *Mather,* 110 Ind. 114; *City of Plymouth* v. *Fields,* 125 Ind. 323; *White* v. *Gregory,* 126 Ind. 95, and many other cases.

This requires, however, that the party actually present a bill of exceptions, and not as in this case a mere fragment of a bill.    The rule above stated is based on section 629, R. S. 1881, and the language of the statute requires that the party " must within such time as may be allowed, present to the judge a proper bill of exceptions."

The recitals of the bill before us show that 534 of its 822 pages were never presented to nor seen by the judge until nearly a year after he had ruled on the motion.    This is of

itself sufficient to prevent the consideration of any question sought to be presented by the bill of exceptions.

There is, however, still another reason why the bill can not be regarded as part of the record. As above stated, when the motion for a new trial was overruled, while the parties excepted, no time was given for filing a bill of exceptions. The presentation of the partial bill on the 27th day of February was within the term. If, notwithstanding no time is asked or given for filing a bill of exceptions, a proper bill is actually *signed and filed* during the term of court at which the ruling is made, this is sufficient. *Noblesville Gas, etc., Co.* v. *Teter,* 1 Ind. App. 322, and authorities cited. It will be presumed that time was given by parol, and that the bill was presented within the time allowed. The statute above cited has no application when no time has been allowed. The order of December 30, 1885, giving sixty days' time for filing bills of exception can not be construed as applying to an exception to a ruling which was not made until February 19th thereafter.

Judgment affirmed with costs.

