McFadden *v.* Owens *et al.*

---

McFADDEN *v.* OWENS ET AL.

[No. 18,568.   Filed April 5, 1898.]

APPEAL AND ERROR.—*Special Bill of Exceptions.—How Made Part of Record.*—A special bill of exceptions must be presented to the trial judge within the time given therefor in order to become a part of the record on appeal.   *p. 214.*

SAME.—*Conclusions of Law.—Exceptions.*—The proper way to save for review the question of the action of the court in overruling a motion to set aside its conclusions of law, is by exception, and bringing such motion into the record by bill of exceptions.   *p. 214.*

EVIDENCE.—*Longhand Manuscript.—When Not in Record.—Appeal and Error.*—The longhand manuscript of the evidence is not properly in the record where it is not affirmatively shown that it was presented to the judge within the time allowed for the filing of the bill of exceptions, and before the filing thereof.   *p. 215.*

SAME.—*Longhand Manuscript.—Record.—Certificate of Clerk.—Appeal and Error.*—The manuscript of the evidence is not properly certified to this court where no reference is made thereto in the clerk's certificate, nothing being certified but "a true and correct transcript of all the proceedings."   *pp. 215, 216.*

From the Shelby Circuit Court.   *Affirmed.*

*Wray & Campbell* and *J. B. McFadden*, for appellant.

*Alonzo Blair* and *T. B. Adams*, for appellees.

HOWARD, C. J.—This was an action brought by appellees against appellants to set aside a sale of real estate; also, to declare a judgment satisfied, and for

damages.    There was a special finding of facts, with conclusions of law, and judgment in favor of appellees.

It is first assigned as error that the court sustained appellees' motion for leave to amend their complaint. The record shows that ten days from the 13th day of January, 1896, were given appellant within which to prepare and tender his bill of exceptions to the ruling of the court on this motion.    The certificate of the judge to the bill as filed shows that the same was not presented to him until the 24th day of January, 1896, being beyond the time given.    This bill of exceptions is, therefore, not a part of the record.    But appellant says that the ruling complained of was also made a reason in the motion for a new trial, and hence that the time given for filing the general bill of exceptions was applicable to the ruling here complained of. This argument might be good if the general bill of exceptions embraced the motion and the ruling thereon, which it does not; but the argument is not good to show that the special bill itself is in the record. To make this bill a part of the record, it was absolutely necessary that it should have been tendered within the time given.

The second error assigned is that the court overruled appellant's motion to set aside its conclusions of law on the facts found, and for conclusions and judgment in favor of the appellant.    The proper way to have raised the question here intended would have been simply to except to the court's conclusions of law.    But, if the procedure were correct, the motion, in order to save the question for review, should have been brought into the record by bill of exceptions, which was not done.

It is finally assigned as error, that the court overruled appellant's motion for a new trial.    The consid-

eration of this ruling would require an examination of the evidence, which, however, does not seem to be in the record. Sixty days from the 18th day of March, 1896, were given the appellant within which to prepare and tender his general bill of exceptions containing the evidence. The certificate of the judge shows that the bill was presented to him on the 1st day of May, 1896; and a record entry shows that the longhand manuscript of the evidence was not filed in the clerk's office until the 15th day of May, 1896. It is shown that on the 25th day of June, 1896, the judge filed in the clerk's office the bill of exceptions, which then contained the longhand manuscript of the evidence. When this longhand manuscript was incorporated in the bill is not anywhere shown. Counsel for appellant argue that on the day on which the manuscript was filed, or on the next day, which would have been within the sixty days given, the manuscript might have been incorporated in the bill, and the bill, as so completed, might then have been again tendered to the judge. It is true this might have been done, but there is nothing to show that it was done. There must be an affirmative showing that the whole bill was tendered to the judge within the time given. *Hamrick* v. *Loring*, 147 Ind. 229; *Citizens Street R. R. Co.* v. *Sutton*, 148 Ind. 169. Without the longhand manuscript the bill as presented was incomplete; and if only one part of it was presented within the time fixed no part could be considered. *Wysor* v. *Johnson*, 130 Ind. 270. In addition, it is made the duty of the clerk, on request, "to certify the said original manuscript of evidence, * * _* instead of a transcript thereof." Acts 1873, p. 194, section 1476, R. S. 1894 (1410, R. S. 1881). The clerk has, however, certified nothing but "a true and correct transcript of all the proceedings," etc., wholly

omitting any reference to the original longhand manuscript. The manuscript of the evidence was, therefore, not certified to this court. It may not be out of place to remark that even if the questions suggested were properly raised by the record, no error would be disclosed. The decree of the court was unquestionably correct. Judgment affirmed.