## HARDEN v. CARD.

Bill of Exceptions—Correction—Construction—Presenting for Allowance—Certificate—Filing—Motion for New Trial—Record—Numbering Pages.

1. The statute does not require a bill of exceptions to be signed within the time allowed for reducing it to writing and presenting it for allowance, but, upon the timely presentation of a proper bill, the court or judge has jurisdiction to settle, allow and sign the same, and may take a reasonable time to examine it and make or suggest necessary corrections.

2. Whether a bill of exceptions was in proper condition or form when presented to authorize its correction and signing, must be determined in the appellate court upon the bill itself, and the recitals therein contained; and an affidavit filed for the first time in the appellate court cannot be considered for that purpose.

3. The Code provisions with reference to bills of exceptions are entitled to a liberal construction.

4. The recitals in a bill of exceptions as to its presentation and settlement ought to be liberally, though reasonably, construed, to the end that the bill may be sustained, if possible, rather than defeated.

5. Where the trial judge has signed a bill of exceptions, the presumption, if any, is in favor of the regularity of his act.

6. It is the duty of a party desiring to preserve his exceptions to prepare and present a bill fairly and fully setting forth the facts upon which the rulings excepted to were made, and the draft so presented should state all the evidence, as such party understands it, upon which the verdict or findings were based, where the exception is to the overruling of a motion for new trial on the ground that the verdict or findings are not supported by the evidence.

7. Where all the facts are not set out in full, or as the court or judge understands them, in a presented bill of exceptions, or if all the evidence is not embraced in the draft as presented, where it should be all embraced to properly explain the exceptions, the court or judge may make or cause to be made the necessary corrections to conform the bill to the truth, not only by changing incorrect statements of fact, and striking out matters improperly included, but by adding omitted evidence.

8. A bill of exceptions was presented within the time allowed, and so endorsed by the judge. It was afterwards signed,

the certificate stating that when first presented the bill was incomplete in that probably only a little more than one-half of the evidence had been transcribed, but that it was withdrawn for completion, and subsequently, but after the time allowable for the presentation of a bill, it was again presented as a completed bill, whereupon it was signed and ordered made a part of the record. *Held,* that the certificate was not to be construed as showing that a mere fragment of a bill was presented, or that the exceptant had not in good faith set forth the facts as he or his counsel understood them, in the bill as presented within the time allowed, or that the bill was in such a condition that its correction would not be authorized at the suggestion of the judge.

9. A bill of exceptions is not properly filed as a paper in the case until allowed and signed.

10. It is proper to permit a party to take a presented bill temporarily to make suggested corrections.

11. A motion, to become part of the record on proceedings in error, must be embraced in a bill of exceptions.

12. An objection that a motion for new trial was unsigned when filed, and until after the time allowed by law for filing the same, when it was signed by permission of the court, is not well taken, where the bill of exceptions states that the motion therein set out in full and appearing to be properly signed was filed within the time allowed by law, and the motion to strike because not signed, and the motion for leave to sign it after filing, were not incorporated in that or any other bill.

13. A journal entry showing the allowance of a bill of exceptions is not required.

14. It is not necessary that the word "allowed" be used in the certificate of a judge to a bill of exceptions, where equivalent language is employed.

15. A statement at the end of a bill of exceptions, immediately over the signature of the judge, that the defendant presents the annexed and foregoing bill of exceptions, and asks that the same may be filed with the papers in the case as a part of the record, all of which is accordingly done, is sufficient to show that the bill so signed was allowed.

16. Where the clerk of the trial court has certified that certain papers fastened together, including a bill of exceptions, are "all the papers filed in said case now on file in my office," it sufficiently appears that the bill embraced among such papers had been left with the said clerk for filing, and his failure to endorse it as filed will not invalidate it.

17. A failure to number the pages of the record is not a ground for dismissal in the first instance; the rule merely providing that the court, of its own motion, or upon the motion of defendant in error, may order the papers to be properly arranged, or the pages numbered, within a specified time, and for a failure to comply with such order, the cause may be dismissed in the discretion of the court.

18. The signature of the judge to a bill of exceptions allowing it and ordering it to be filed as part of the record authenticates all the statements of the bill.

[Decided April 10, 1906.]                    (85 Pac., 246.)

ERROR to the District Court, Carbon County, HON. DAVID H. CRAIG, Judge.

On motion to strike the bill of exceptions, and dismiss the proceeding in error. The facts are stated in the opinion.

*N. R. Greenfield,* for defendant in error. (In support of the motion.)

Where a statute provides a time within which a bill of exceptions must be settled or allowed, the bill must be settled or allowed within such time or it will not be considered. (R. Co. v. Brown, 20 S., 548; Newmark v. Mark (Ariz.), 28 Pac., 960; Carroll v. Saunders, 38 Ark., 216; Berry v. San Francisco, &c., Co., 47 Cal., 643; Fick v. Crook, 27 Colo., 429; Webster v. Barnett, 17 Fla., 272; Carter v. Johnson, 112 Ga., 494; Lydon v. Piper (Ida.), 51 Pac., 101; Hake v. Strubel, 121 Ill., 321; Citz. St. Bank v. Julian, 152 Ind., 655; Kiburz v. Jacobs, 104 Ia., 580; Cook v. Larson, 47 Kan., 70; McFarland v. Burton, 98 Ky., 294; Wheeler v. Briscoe, 44 Md., 308; Elwell v. Dizer, 1 Allen, 484; Gray v. Thomas, 12 Sm. & M., 111; State v. Withrow, 135 Mo., 376; Randall v. Greenwood, 3 Mont., 506; State v. Ramsey Co., 60 Neb., 191; Agnew v. Campbell, 17 N. J. L., 291; Evans v. Baggs, 4 N. M., 147; Enck v. Gerding, 63 O. St., 175; State v. Judges, 53 O. St., 430; Rice v. West (Okl.), 33 Pac., 706; Morgan v. Thompson, 13 Ore., 230; Grim v. Paul, 16 Pa. Co. Ct., 670; Rogers v.

Nash, 12 S. C., 559; McGillycuddy v. Morris, 7 S. D.,. 592; Mallon v. Tucker Mfg. Co., 7 Lea., 62; Siebert v. Lott., 49 S. W., 783; Willard v. Woodland, 7 Utah, 192;. Howard v. Burlington, 35 Vt., 491; Jordan v. Jordan (W. Va.), 37 S. E., 556; Vorman v. Dewey, 22 Wis., 323; Schlessinger v. Cook, 8 Wyo., 484.)

It cannot be said that the incomplete bill filed and presented to the court on the 13th day of March, 1904, was any bill at all, nor could it be considered as such. Where only a part of a general bill of exceptions is presented within the time prescribed for preparation, no part of the bill can be considered. (Bell v. Murry, 13 Colo. App.,. 217; Earl v. Dresser, 30 Ind., 11; Bennett v. Marion, 101 Ia., 112; Sansome v. Myres, 77 Cal., 353; McFadden v. Owen, 150 Ind., 213; Wysor v. Johnson, 130 Ind., 270; White v. Gregory, 25 N. E., 806; January v. Super. Court, 73 Cal., 537.) A bill of exceptions will be disregarded by the appellate court when the record fails to show affirmatively that it was properly allowed and filed in the trial court and thereby made a part of the record, and these facts must be shown by the record proper, independent of the bill itself. Our statute, Section 3743, expressly provides that a bill of exceptions is to be filed only after it is. allowed. There is no record whatever that it was ever allowed. (Rock Island v. Riley, 26 Ill. App., 171; Johnson v. County, 143 Ind., 363; Rubber Co. v. Mfg. Co., 63 O. St., 66; Winter v. Null, 31 W. Va., 450; Orton v. Noonan,. 19 Wis., 350; Smith D. Co. v. Casper D. Co., 5 Wyo., 510.)

The trial judge certifies only to the evidence and not as. to the exceptions, which is insufficient. (Carriage Co. v. Johnson, 23 Wkly Law Bul. (O.), 374; Mover v. Preston, 6 Wyo., 326; Clay v. Clark, 70 Ind., 161; White v. Sisson, 1 Wyo., 399; Geer v. Murrin, 1 Wyo., 37; Howard v. Bowman, 3 Wyo., 311.)

The clerk's endorsement shows that the bill was filed in his office on the 13th day of March. The same day the fragmentary bill was presented, and the only record that.

the bill was filed is from the recitals of the judge's certificate wherein he says that defendant asked leave to file the same with the papers in the case, which was accordingly done; and if it be held that the bill of exceptions in this case was filed at all, it surely must be considered as having been filed on the 16th day of May, 1905, the date it was presented as the completed bill, which of course was after time for filing and allowance had expired.

Our statute makes no provision for extending the time to reduce the exceptions to writing beyond the first day of the next succeeding term, but expressly provides that time cannot be given beyond that time. And if it were permissible under our statute to extend time, there would necessarily have to be some record of such extension other than by the recitals of the bill. (Smith D. Co. v. Casper D. Co., *supra;* Felch v. Mfg. Co., 61 O. St., 93; 2 Cyc., 1041, 1042.) In states where the time for preparing and allowing a bill of exceptions may be extended it cannot be done without notice to the adverse party. (Taylor v. Derby, 4 Colo. App., 109; Purcell v. Boston, etc., 151 Mass., 158; Hemphill v. Morrison, 112 N. C., 756; McKay v. Union R. Co., 13 Mont., 15.) The order giving plaintiff in error leave to withdraw the bill of exceptions from the files, if it can be called an order, fixed no time within which the bill should be completed. The decisions of this state upon the question as to the time within which a bill of exceptions must be made are all uniform and in support of the contention we advance, that time cannot be granted beyond the first day of the next term. (Rev. Stat. 1899, Sec. 3740; Schlessinger v. Cook, 8 Wyo., 484; Stirling v. Wagner, 4 Wyo., 5; McBride v. U. P. R. R., 3 Wyo., 248, 183; Conway v. Smith Mer. Co., 44 Pac., 940; Cantlin v. Miller, 78 Pac., 295.) The time fixed by the court for the settlement and filing of the bill of exceptions must be a definite time. And if the statute limits the time of extension, an order cannot be made giving longer time. (Lansing v. Coats, 18 Ind., 166; Smith v. Blakeman, 8 (Bush.), 476;

Johnson v. Stivers, 95 Ky., 128; Carroll v. Pryor, 38 Ark., 283; Schlessinger v. Cook, 8 Wyo., 484.)

If it could in any way be said that the bill in this case was presented on the 13th day of March, 1904, it was nothing more than a skeleton bill and any transcript of evidence afterwards inserted cannot be considered. (Mosher v. Scofield, 55 Ill. App., 271; Barnes v. Turner, 129 Ind., 110; Walter v. Uhl, 3 Ind. App., 210; New Albany v. Iron Co., 141 Ind., 500; McMullen v. Polk Co., 4 Ia., 593; Morrison v. Lenhew, 17 Mo. App., 633; Morrison v. Schockley, 65 Mo. App., 179; R. Co. v. Wagner, 19 Kan., 335; Bruce v. Casey-Swasey Co., 75 Pac., 280, (Okl.); State v. Schoenwald, 26 Kan., 288.)

An assignment of error is a pleading and must be signed by the party or his counsel. (Peden v. Nolan, 45 Ind., 354; Thoma v. State, 86 Ind., 182; Sutherland v. Putnam, 24 Pac., 320 (Ariz.); Bogie-Badenoch Co. v. Boyden, 33 Ill. App., 252; Fordyce v. Dixon, 70 Tex., 694.) A pleading not signed by counsel or the party cannot be amended by adding signature for the reason that a pleading without a signature is no pleading and there is nothing to amend. (Carrington v. Hamilton, 3 Ark., 416; Steven v. White, 2 O. Dec., 107; Boyden v. Hoyt, 2 O. Dec., 376; Moore v. Emmert, 21 Kan., 1; Fisher v. State, 73 Ga., 595; Johnson v. State, 24 S. W., 94; People v. Welsey, 98 Cal., 35.)

*McMicken & Blydenburgh,* and *N. E. Corthell,* for defendant in error, *contra.*

The District Judge signed and allowed the bill in this case and it is to be presumed that this action was a rightful exercise of the power unless the contrary appears or the power does not exist.

It would be sufficient doubtless to suggest that the facts might be such that the action was justified. But, in order to inform the court more particularly and authentically, the particular circumstances under which the delay occurred in perfecting and allowing the bill are set forth in

an affidavit which is presented in opposition to the motion, and to afford a basis upon which this court may proceed for the amendment of the record if such amendment is thought to be material.

In construing our statute the flood of cases cited by the defendant in error is not conspicuously helpful, especially in view of the want of discrimination betrayed by the detailed examination of these cases. The first proposition advanced relates to the statutes which fix a time within which bills of exception must be "settled" or "allowed." Journal entry showing allowance of the bill is not necessary. (McBride v. Ry. Co., 3 Wyo., 183.) The certificate of allowance is sufficient. (Bank v. Lowrey (Neb.), 54 N. W., 568.)

The term "skeleton bill" is used with reference to a bill which has been allowed and signed by the judge while in an incomplete condition, but containing definite and certain references to other matters to be subsequently inserted in or attached to the bill. It does not appear to be used anywhere with reference to a bill still in process of completion or perfection and remaining unsigned. (R. Co. v. Wagner, 19 Kan., 335.) That the pages of the transcript are not numbered is not ground for dismissal. (Rule 12.)

A motion is not an assignment of errors. (R. S., 425.) It is not a pleading. (R. S., 3531, 3532.) The omission of a signature is not a fatal error of defect. (R. S., 2727, 3588, 3589.)

Manifestly the bill in this case was not true, in that it did not contain all of the evidence. We think the court acted literally in accordance with the statute in permitting the bill to be corrected and made complete and true. And it cannot be doubted that the spirit of the statute, whose object is to perfect a true record of the case, was faithfully followed.

It has not been the practice to give this statute an interpretation which narrows its scope and jeopardizes the remedy. Before the amendment authorizing the bill to be pre-

sented to the judge in vacation and while the statute required that it should be presented to "the court," it was held that no technical meaning was to be attached to this expression, and that presentation to the judge was sufficient. (McBride v. Ry. Co., 3 Wyo., 183.)

And where the judge had passed out of office it was held that he was still the proper person to sign the bill, though no longer technically a "judge." (Stirling v. Wagner, 4 Wyo., 5; Conway v. Smith Merc. Co., 6 Wyo., 330.) And leave to "file" a bill has been treated as equivalent to leave to "present" it, no technical meaning being attached to the word "file." (Jones v. Bowman, 10 Wyo., 53.) And the bill has been held sufficiently authenticated as a part of the record by the clerk's certificate attached to the papers, though the filing stamp on the bill was not signed by the clerk. (Commissioners v. Shaffner, 10 Wyo., 185.) See also Roy v. Union Merc. Co., 3 Wyo., 422.

Our cognate statutes fully sustain this principle of liberal interpretation (R. S., 2727, 3588, 3589), which is applicable to bills of exceptions. (Morgan v. R. Co. (Utah), 74 Pac., 523; McDaniel v. Columbus F. Co., 109 Ga., 284; Kaltschmidt (Cal.), 79 Pac., 272; Cameron v. Calkins, 43 Mich., 191; Milwaukee v. Pabst, 64 Wis., 244; Dobson v. Dobson, 7 Neb., 296; State v. Gaslin, 32 Neb., 291; Greenwood v. Cobbey (Neb.), 39 N. W., 833; People v. Bates, 40 Fed., 745; U. S. v. Adams, 6 Wall., 101.) The same principle of interpretation is well illustrated in a recent decision of this court where it was held that the literal reading of the statute limiting proceedings in error to one year from the date of the judgment is not to control the practice to the exclusion of all consideration of the manifest object of the statute shown elsewhere. (Conradt v. Lepper, 78 Pac., 1.) But in the present case, in order to sustain the objection made, it is necessary to depart from the letter as well as the spirit of the statute—to construe away its own language for the purpose of defeating a remedy expressly provided.

POTTER, CHIEF JUSTICE.

This cause has been submitted upon a motion of the defendant in error to strike the bill of exceptions from the files, and dismiss the proceeding in error. The motion to dismiss is based upon the objections to the bill of exceptions; it being asserted that without a bill none of the questions raised by the petition in error could be considered.

Several objections are urged to the bill. The first and principal objection is that the exceptions were not reduced to writing and presented for allowance within the time given for that purpose. It appears by the order overruling the motion for new trial, entered October 11, 1904, that the defendant below, plaintiff in error here, was given until and including the first day of the next term of court to prepare and present his bill of exceptions. The next term of court following the making of that order convened March 13, 1905. It is recited in the concluding portion of the bill of exceptions, immediately preceding the signature of the District Judge before whom the cause was tried, as follows:

"And now on this 13th day of March, 1905, the same being the first day of the next succeeding term of this court, and within the time allowed by law and the order of this court, the defendant presents to the court his bill of exceptions herein. Said bill of exceptions being uncompleted, in this, that only a portion, probably a little more than one-half of the evidence and exceptions having been transcribed. The defendant then asked leave to withdraw the same from the files of the court for the purpose of completing the same and attaching thereto a transcript of the remainder of the evidence and exceptions in said case, which leave was thereupon granted by the court, neither the plaintiff nor his counsel being present in court when said request was made or granted, and neither the plaintiff nor his counsel having any knowledge of such request or in any way consenting to the granting of the same. And now on this 16th day of May, 1905, the defendant presents to

the court the annexed and foregoing bill of exceptions as the completed bill of exceptions in this case and asks that the same be filed with the papers in the case as a part of the record, but not spread at large upon the journal, all of which is accordingly done, and to all of which the plaintiff by his counsel now and here objects and excepts." There is also a pencil memorandum on the bill as follows: "Presented March 13th, 1905. D. H. C., Judge."

At the foot of the bill appears a statement written with a lead pencil, over the signature of the attorney for the plaintiff below, dated May 16, 1905, admitting that the bill then signed contained substantially a correct transcript of the testimony and exceptions, but objecting to the bill being signed on the ground that it was not prepared and presented within the time allowed, and requesting the court to certify the facts as to the time when said bill was presented, and its form when first presented on March 13, 1905.

The statute provides: "The party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term." (Rev. Stat. 1899, Sec. 3740.)

"When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, or the exception is to the opinion of the court on a motion to direct a non-suit, to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury was waived, the finding of the court, is against the law or the evidence, the party excepting must reduce his exception to writing and present it to the court, or to the judge thereof in vacation, within the time given for allowance. If true, it shall be the duty of the court, if presented in open court, or the judge of the court before whom the cause was tried, if presented in vacation, to allow and sign it, whereupon it shall be filed with the pleadings as a part of the record, but not

spread at large upon the journal   If the writing is not true, the court or the judge in vacation shall correct it, or suggest the correction to be made and it shall then be signed as aforesaid." (Rev. Stat. 1899, Sec. 3743.)

It is not contended that the bill is rendered imperfect from the fact that it was not signed until after the expiration of the time allowed for its presentation. Our statutes above quoted do not require that the signing or filing shall occur within the period granted for reducing exceptions to writing. If the bill is presented within the time allowed, the court or judge may take a reasonable time before signing to examine the same, and make or suggest necessary corrections. That is the recognized doctrine even where the statute seems to require the bill not only to be tendered, but signed and filed within the limited time allowed. (3 Ency. Pl. & Pr., 474.) When time has been given not beyond the period permitted by the statute, and the bill is seasonably presented, the court or judge has jurisdiction to settle, allow and sign the same; and the fact that the signing does not occur until after the time allowed for presentation will not defeat a bill timely and properly presented. This rule is we believe well understood and unquestioned in this jurisdiction. Where the time of signing is not mentioned, it ought probably to be presumed that the act occurred at the date of presentation, or at least within the time allowed for presentation. But as the statute does not require the bill to be signed within the time allowed for reducing it to writing and presenting it for allowance, and, in practice, a bill is perhaps seldom signed within such time, where the full time is taken by counsel for preparation, no substantial reason is perceived for resorting to the fiction of signing as of the date of presentation. That may be necessary under statutes differently worded. The statutes of the various states show such a marked dissimilarity on the subject of bills of exceptions, that the decisions of other states assist but slightly in determining the proper practice under our own statutory provisions.

It is, however, seriously contended that the bill was not presented within the time allowed, for the reason that it appears by the concluding certificate that it was in an incomplete condition when first presented, and that the time had expired when finally presented as completed on May 16, 1905. An affidavit of one of the attorneys for plaintiff in error has been filed in this court for the purpose of explaining the condition of the bill when presented on the first day of the March term, and justifying the failure of counsel to present it at that time in its present complete form. But that affidavit cannot be considered. The question raised must be determined upon the bill itself, and the recitals therein contained, which are authenticated by the signature of the trial judge. (3 Ency. Pl. & Pr., 513-514; Van Horn v. State, 5 Wyo., 501; Bank of Chadron v. Anderson, 7 Wyo., 441.)

It is the settled doctrine in this state that the code provisions with reference to bills of exceptions are entitled to receive a liberal construction. (Stirling v. Wagner, 4 Wyo., 5.) And the order granting time to reduce exceptions to writing has been liberally construed so as to preserve rather than deny the right of a party to present his bill of exceptions for allowance. (Conway v. Smith Merc. Co., 6 Wyo., 327; Jones v. Bowman, 10 Wyo., 47.) Upon the same principle, the recitals in the bill as to its presentation and settlement ought to be liberally though reasonably construed, to the end that the bill, which the trial judge has deemed proper to be signed, may be sustained if possible, rather than defeated.

It is to be remembered that this is not a proceeding to compel the signing of a bill. Here, the judge signed a bill, and the question is one of jurisdiction—whether he had or had not the right, upon the facts set forth in the bill, to sign it; and the presumption, if any, is in favor of the regularity of his act. It does not follow that because the judge might lawfully have refused to sign the bill as presented on the first day of the term, on account of its incompleteness,

he would not be authorized to make or cause to allow to be made such necessary or proper additions as to constitute it a true bill and then to sign it as corrected and completed.

The statute contemplates that a bill may require correction before allowance and signing, and expressly permits the court or judge, if the writing be not true, as presented, to correct it or suggest the correction to be made, and then to sign it. We observe nothing in the statute which requires that a bill presented in time shall be ready for signing before the expiration of the time granted for reducing the exceptions to writing.

It may be conceded that it is the duty of a party desiring to preserve his exceptions to prepare and present a bill fairly and fully setting forth the facts upon which the rulings of the court excepted to were made; and that the draft so presented should state all the evidence, as he understands it, upon which the verdict or findings were based, where the exception is to the overruling of a motion for new trial on the ground that the verdict or findings are not supported by the evidence; and we think such a duty does rest upon the exceptant. It might even be conceded that where a presented bill confessedly lacks much of the material evidence, which is afterwards, and after the time allowed for presentation, inserted, but without the consent of the court, or, perhaps, with such consent, that a mandamus would not lie to require the allowance and signing of the bill, though we are not prepared to, nor is it necessary that we do, decide that question. It cannot, however, be doubted that, if all the facts are not set out in full or as the court or judge understands them, or if all the evidence is not embraced in the draft as presented, where it should be embraced to properly explain the exception, the court or judge may make or cause the necessary corrections to be made to conform the bill to the truth, not only by changing incorrect statements of fact, and striking out matters improperly included, but by adding omitted evidence. Such authority is clearly conferred by the statute. How far a judge ought

to go in correcting a bill rather than to refuse his signature is not the question before us. As it is not the duty of the judge to prepare a bill in the first instance, he might, perhaps, rightfully refuse to accept or correct a bill which, though it ought to contain all the evidence, admittedly lacks a large part of it, at least if there appears to be no reasonable excuse for such omission. But it is evident that counsel may in good faith insert in his proposed bill all that he deems essential to properly bring up his different exceptions, and, where the evidence is necessary, all that he understands the evidence to be; and yet opposing counsel or the judge, or both, might find it incomplete by reason of the omission of material facts or evidence, which would result in material corrections and additions; and in such case we do not think that the authority of the court or judge to make such corrections in order to truly set forth the facts and exceptions, and then to sign the corrected bill, is to be questioned.

In Ohio, where the statute as to bills of exceptions seems to be strictly construed, a mandamus to compel the signing of a bill was denied, it appearing that, as submitted to opposing counsel within the time allowed, several exhibits which had been offered in evidence were omitted, though they were handed to opposing counsel in envelopes, and they were attached to the bill after the time allowed had expired. It was, however, said in the opinion:

"If purporting to contain all the evidence, it should contain in the form of a bill of exceptions all the evidence which counsel presenting the bill claimed the evidence to be. It does not follow that the bill presented to counsel for examination should in fact contain all the evidence, for opposing counsel and the judge might add to the bill certain items of evidence omitted, or might strike from it certain matters improperly there; but this fact does not relieve the counsel from preparing and presenting to opposing counsel, within the time provided by law, a bill of exceptions complete and proper in form in that it shall contain,

if it purports to contain all the evidence, all that he claims to be the evidence, and not a part merely." One judge dissented from the decision, such dissenting judge holding that the law had been substantially complied with. (State ex rel. v. Evans, Judge, &c., 12 O. Cir. Ct., 245.)

In California, it was said:

"The draft to be prepared by the party should be full and fair. * * * The mistakes and omissions of the draft may be corrected and supplied by the suggestions and order of the judge on the settlement of the bill, so as to make the bill, when settled, conform to the truth, and correctly set forth, so far as is material, what transpired on the trial or proceeding to be reviewed." (Sansome v. Myres, Judge., 77 Cal., 353, 19 Pac., 577. See also Hyde v. Boyle, 89 Cal., 590, 26 Pac., 1092.)

The Supreme Court of Kansas say on this subject:

"The power of the trial court to make such alterations, erasures, and additions in a prepared bill of exceptions presented for signature as may be necessary to make it speak the truth is undoubted, and has been declared by this court." (Swartz v. Nash., 45 Kan., 341, 25 Pac., 873.)

To the same effect may be cited, among other cases, Lum v. Hoag, 30 Wis., 159; Seibright v. State, 2 W. Va., 591; Mitchell v. State, 22 Ga., 211.

Counsel for defendant in error has cited two cases from Indiana which might seem to sustain his contention upon the present motion, and that they tend to support it may be conceded, viz: Wysor v. Johnson, 130 Ind., 270; McFadden v. Owens, 150 Ind., 213. But the certificate attached to the bill in the case of Wysor v. Johnson, stated explicitly what part of the bill as signed was first presented, which appeared to be only the first 288 pages of the bill that contained 822 pages; and it was not stated that any suggestion was made or consent given to correct the presented bill, but it was stated that, after the bill had been presented and so endorsed, it was left with the official shorthand reporter, and was not again seen by or presented to the judge until

nearly a year afterwards, "at which time all that part of
the foregoing bill following page No. 288 to and including
page No. 822 has been since attached thereto." Moreover,
it seems that, under the statute of Indiana, the longhand
manuscript of the stenographic report of the evidence is
required to be filed with the clerk by the exceptant before
incorporating the same into a bill of exceptions. (Citi-
zens' St. R. Co. v. Sutton, 148 Ind., 169.) And it is held
in that state, by reason of their peculiar statute, that there
must be an affirmative showing that the whole bill was ten-
dered to the judge within the time given.

The argument of counsel for defendant in error, in sup-
port of the motion, proceeds upon the theory that, when
the bill was presented on the last day of the period allowed,
it confessedly contained a mere fragment of the material
evidence, and not all that counsel presenting it understood
that it should contain, or that was intended to be embodied
in it. We are of the opinion, however, that we are not at
liberty to give that construction to the recitals of the bill.
In its present condition the bill purports to contain a com-
plete transcription of the official stenographic notes of the
evidence, such notes appearing to have been transcribed
after the death of the official stenographer by another per-
son, and as so transcribed, the evidence is written out in
full, with questions and answers, objections and exceptions,
and remarks of court and counsel as they occurred during
the trial; and no question is raised as to the correctness of
the transcription. While the certificate states that the bill
was incomplete when presented, it does not identify any
pages or portion of the bill which was then omitted. The
statement that only a portion, probably a little more than
one-half of the evidence and exceptions had been trans-
cribed, may refer to the transcription of the shorthand notes,
which notes may or may not have been attached to or incor-
porated in the bill to be afterward transcribed; or it may
mean that only a little more than one-half of the evidence
was in any way incorporated in the bill. If it refers to a

mere transcription of the notes, it does not negative the presence in the bill of the evidence not transcribed in narrative or other form. Assuming, however, that the court or judge found on examination that, nearly one-half of the evidence had been entirely omitted from the bill, it does not necessarily follow that the party presenting it had wilfully or knowingly omitted material evidence or facts which he deemed essential to explain his exceptions. For instance, the last nine pages of the purported evidence now in the bill might have been properly omitted, so far as any exception of the party presenting the bill is concerned, as it appears that those pages contain the testimony of two witnesses, which, on motion of the defendant below, plaintiff in error here, was all stricken out, and was not, therefore, evidence upon which the jury or court acted.

Several exhibits, in the shape of contracts, bank checks, and letters are in the bill as part of the evidence, and, as the originals of such exhibits are in the bill instead of copies, it is apparent that they are not intended by the reference to evidence not transcribed. Taking the bill as it stands, and giving to the statements of the certificate all the force to which they are entitled, it is not shown thereby that the court was presented with what was admittedly the mere fragment of a bill, and we think it impossible to say, on the strength of the certificate, that the party presenting the bill had not in good faith set forth the facts as he or his counsel understood them, or that the bill as presented was not in such a condition as to authorize its correction by or at the suggestion of the judge. The reference to the withdrawal of the bill from the files for the purpose of correction indicates perhaps a misconception as to the nature or situation of a bill after presentation and before allowance. A bill is not properly filed as a paper in the case until allowed and signed, and although the present bill bears the clerk's endorsement showing its filing on March 13, 1905, it has no other effect, probably, than to supplement the recital of the bill as to the date of presentation. It is clearly

proper to permit a party to take a presented bill tempo-rarily for the purpose of making suggested corrections. That is a matter within the control of the judge upon whom the duty rests of settling the bill. We are of the opinion, therefore, that the objection that the bill was not presented within the time allowed cannot be sustained.

Another objection urged against the bill is that the mo-tion for new trial was unsigned by counsel when filed, and was not signed until the court permitted counsel to sign it after the expiration of the statutory period for filing the motion. It is sufficient to say in disposing of this objection that the alleged defect in the motion is not disclosed by the bill of exceptions. The bill states that the motion for new trial therein set out in full, and appearing to be properly signed by counsel, was filed April 9, 1904, which was within the statutory period. Our attention is called to a journal entry of May 31, 1904, to the effect that, upon defendant's application to amend motion for new trial, his counsel were granted leave to immediately sign the motion, and that the same was accordingly done in open court; and that the motion of plaintiff to strike from the files the motion for new trial because it was not subscribed as by law required was denied. The motion for new trial, however, referred to in that entry is not identified; and neither the motion to amend, nor the motion to strike, are incorporated in the present bill, nor in any other bill that has been brought into this record. The entry states that counsel for plain-tiff excepted to the rulings, but such exceptions do not seem to have been preserved by a bill of exceptions. It is well settled that motions are not in the record on proceed-ings in error, unless embraced in a bill. The point is there-fore not well taken.

A further ground of the motion to strike the bill is that there is no record that the bill was allowed. A journal entry showing the allowance of the bill is not required. (McBride v. U. P. Ry. Co., 3 Wyo., 183; Hogan v. Peter-son, 8 Wyo., 549.) And while the bill itself does not use the word "allowed," the certificate of the judge is, we think,

equivalent thereto. It is also urged that the judge certified only as to the evidence, and not the exceptions. The signature of the judge to the bill allowing it and ordering it to be filed as part of the record authenticates all the statements of the bill.

The bill is also assailed on the ground that it is not endorsed as filed in the court below after it was allowed and signed. It is necessary that a bill should be filed after the allowance and signing thereof; and the fact that it appears to have been filed before its allowance on March 13, when it was presented, would not, we think, be sufficient. But under our present practice the original papers are sent to this court by the clerk of the court below upon an order of the clerk of this court. (Laws 1901, Ch. 3; Rules 11 & 12.) And by rule 11 it is required that the clerk of the lower court shall authenticate such papers by certifying that they are all the original papers in the cause, or certain papers (naming them) as the case may be. In the case at bar the bill of exceptions is fastened together with all the other original papers, and the clerk has certified that they constitute "all the papers filed in said case now on file in my office," which certificate is dated September 25, 1905. It is apparent therefore that, after being signed, the bill was left with the clerk for filing, and his failure to endorse it as filed cannot invalidate it. It is sufficiently shown to have been filed in the clerk's office. (Board, etc. v. Shaffner, 10 Wyo., 181.)

The record is objected to because the pages are not numbered as required by the rules. But that is not a ground for dismissal in the first instance. The rules provide that the court may, of its own motion, or upon motion of the defendant in error, enter an order requiring the papers to be properly arranged, or the pages numbered within a specified time, and that for a failure to comply with such order the cause may be dismissed in the discretion of the court. (See Rule 12.) The motion to strike the bill of exceptions and dismiss the cause will be denied.

BEARD, J., and SCOTT, J., concur.